<hr />

# AUSTIN v. PICKETT.

1. In an information for bastardy, the recital in the caption that the relator is a single woman, is sufficient.

2. The marriage of the relator after the information, will not abate the proceedings in a prosecution for bastardy; nor will a marriage in fact be inferred when the relator is afterwards called by another name, as late of the name set out in the information.

3. When the imputed father pleads not guilty of being the father of the bastard child, and the verdict is, that he is the real father of the said child, the plea and verdict will be referred to the complaint, and an irregular issue offered by the Court will be disregarded, although the defendant's demurrer was overruled.

4. A judgment in a bastardy suit, by which the defendant is condemned to pay the sum of fifty dollars a year for ten years, toward the maintainance and education of the bastard child, and that he enter into bond and security for the due and faithful payment of the said sums of money, as by statute required, is regular.

Writ of Error to the County Court of Lawrence.

INFORMATION for bastardy against Austin, at the relation of Mary Ann Brooks.

The caption states the examination before a justice of the peace of Lawrence county, to be of Mary Ann Brooks, single woman, taken upon oath, the 3d of September, 1841. She declared that on the 8th of August, then last past, she was delivered of a female bastard child, and that William Austin of the said county did get her with child of the said bastard child.

On this a warrant was issued against Austin, and after his arrest, and the examination of the complainant, he was required to enter into bond for his appearance at the next term of the County Court.

In the County Court, the suit is stated as between the Governor and Austin, and the parties having appeared, the Court directed an issue to be tendered to the defendant in these words :

" The Court, in this case, propounded to the jury to inquire whether the said William Austin, senior, the reputed father of a certain child, a daughter of Mary Ann Dixon, late Mary Ann Brooks, is the real father of said child or not."

To this issue, thus tendered, the defendant demurred. The Court overruled the demurrer, and required him to plead over. This he did, by asserting that he was not guilty of being the father of the bastard child in this cause named. The jury returned a verdict, " that they find the defendant to be the real father of said child." Whereupon judgment was rendered that the said defendant be condemned to pay the sum of fifty dollars a year for ten years, towards the maintainance and education of said bastard child of the said Mary Ann Dixon, late Mary Ann Brooks ; and that the said defendant enter into bond and security for the due and faithful payment of the said sums of money yearly, as by the statute is required ; and that he pay the costs, &c.

To revise these proceedings he sues out a writ of error, in which Richard C. Pickett, the Judge of the County Court is made the party defendant, and here assigns as error,

1. That the Court erred in overruling his demurrer to the issue tendered.

2. That the verdict is not responsive to the issue.

3. That the judgment is variant from that authorised by statute.

L. P. WALKER, for the plaintiff in error, insisted that it no where appeared that Mary Ann Dixon and Mary Ann Brooks are the same person, so that the defendant may have been the father to a child of the former without being guilty of the act complained of. The verdict is not responsive, because the sex of the child cannot be ascertained from it. And the judgment is for the money finally, as well as to require the defendant to give bond.

T. M. PETERS, with whom was LIGON, contra, argued— that the complaint and issue was sufficient. There is no necessity to allege the name of the child, as its sex affords a more definite mode of description. [Commonwealth v. Perland, Brown P. R. 59.] If the supposed coverture of the mother is the matter objected to by the demurrer, this is of no avail, for the inference from the record is, that the complaint was made by her when a single woman. The subsequent coverture does not avoid the proceedings, and if any advantage could be claimed from it, it should have been disclosed by plea in abatement. [Sword v. Nestor, 3 Dana, 453 ; Saffery v. Austin, 8 Verm. 70 ; Poulk v. Slocum, 3 Blackf. 424 ; Wilbar v. Crane, 13 Pick. 284.] The issue conforms substantially to the statute. [1 Kent's Com. 462 ; Dwarris on Stat. 710, 717.] The verdict is responsive to the issue, and every fact asserted and denied, is concluded by it. [Toulmin v. Lessesne, 2 Ala. Rep. 359 ; McRae v. Colclough, ib. 743.] The form of the judgment is the same in effect as that in Trawick v. Davis. [4 Ala. Rep. 328.]

GOLDTHWAITE, J.—1. In Trawick v. Davis, we held that proceedings of this nature ought not to be scanned with great strictness, and though in this case they are somewhat informal, yet we think there is no sufficient error to reverse the judgment. If the concession is made that, under the sta-

tute, the complaint can only be made by a *single* woman, it sufficiently appears that the relator here was such at the time of its exhibition.

2. There is only one aspect in which the marriage of the relator could be material, as we are clear that the proceedings ought to go on against the defendant, notwithstanding said marriage ; and that is with respect to the costs of the suit, when the imputed father is discharged by the judgment of the Court. We cannot here arrive at the conclusion that the relator was a married woman when the trial took place, and consequently the defendant can have no advantage of the supposed marriage, even if one existed in point of fact. As the fact of marriage does not appear, it is unnecessary to determine in what manner advantage should be taken of such a matter, or whether it would in any way affect the prosecution.

3. The third section of the title bastardy, [Clay's Digest, 134,] directs that the Court shall cause an issue to be made up "whether the reputed father is the real father of the child or not." The issue tendered by the Court directed the jury to inquire whether the defendant, the reputed father of a certain child, a daughter of Mary Ann Dixon, late Mary Ann Brooks, is the real father of said child or not. If the proceeding had been in the absence of the defendant, it might be that the response of the jury would not determine the fact that the defendant was the real father of the bastard child, as alleged in the information ; but the proper mode of objecting to the uncertainty of the issue tendered, would have been to have excepted to it, as it was the act of the Court and not the pleading of the relator. When, however, he pleaded to the charge, the proper issue was made up and submitted to the jury, as by his plea he asserted he was not guilty of being the father of the *bastard child* in this cause named. The verdict is directly responsive to this issue, as it finds that the defendant is the real father of *said child*. It would be entirely too forced a construction of this verdict to infer from it that the trial was had with regard to a child other or different from that alleged in the complaint.

4. The judgment seems to be in strict conformity with the statute, for that directs " if the issue be found against the de-

13

fendant, then he shall be condemned by the judgment of the Court, to pay, not exceeding fifty dollars, yearly, for ten years, towards the maintainance and education of said child ; and the said imputed fathar shall give bond and security for the due and faithful payment of said sum of money, which shall be made payable to the said court, and laid out and appropriated under its special order and direction, from time to time made, so that the same be not paid to the mother of the child. The bond, when executed, is declared to have the effect of a judgment, upon which executions may issue, as often as money thereon shall become due and payable." From this recital of the act, it will be seen that the judgment is properly one of condemnation merely, for the particular sum ascertained, at the discretion of the Court. No day is necessary to be fixed on within each year for its payment, as that is left to the subsequent special order and direction of the Court, from *time to time* to be made. The objection that the judgment is not merely one of condemnation for the money only, but is also that the defendant shall give the bond required by the statute, is of no weight, as it merely directs what was the legal consequence of the verdict.

The result of this examination of the matters assigned as error, is, that there is nothing which will authorize us to reverse the judgment.

Judgment affirmed.

☞ Decided at June term, 1845, and omitted by mistake.