## YARBOROUGH v. THE JUDGE OF THE COUNTY COURT OF SHELBY.

1. A judgment, in a bastardy proceeding, will not be reversed, because the judgment entry omits to state in whose favor the judgment is rendered. The statute determines, with unerring certainty, who is the plaintiff.

2. Where a defendant in a bastardy proceeding is in custody, when a judgment is rendered against him, it is not erroneous, for the court to order, that he remain in custody, until he gives the bond required by the statute.

Error to the County Court of Shelby.

THIS was a proceeding under the bastardy act, instituted at the instance of one Lucy Farr, who made affidavit, that the plaintiff in error was the father of a bastard child, with which she was then *enciente*. The cause was submitted to a jury, on the plea of the general issue, and a verdict of guilty rendered. The judgment entered thereon is set out fully in the opinion of the court, and is the error now assigned by the plaintiff.

W. W. MORRIS, for plaintiff in error.
S. F. RICE, contra.

COLLIER, C. J.—It appears from the record, that the defendant below claimed a trial by jury, and that an issue was

submitted to try *whether he was the real father of the bastard child of which Lucy Farr was then pregnant.* To this issue the jury responded, that he was *guilty.* The court thereupon adjudged, *that the defendant be condemned to pay fifty dollars annually, for ten years, towards the maintenance and education of said child; and that he be in custody of the sheriff, until he find good and sufficient security for the faithful payment of the annual sums of fifty dollars; and that the defendant pay the costs, for which execution issue.*

The statute provides for the trial of an issue in the form of that set out in the judgment entry, if the defendant desires the question of filiation to be tried by a jury. If a verdict is returned against the defendant, he is to be condemned by the judgment of the court, to pay not exceeding $50, at its discretion, yearly, for ten years, towards the maintenance and education of the child: *Further*, the imputed father shall give bond and security for the due and faithful payment of the sums adjudged, which shall be made payable to the court, &c. This bond is to have the force and effect of a judgment, and execution may issue thereon upon each default.

It will be observed, that the judgment, so far as it affirms the verdict, ascertains the annual payment to be made by the defendant, and the object to which it is to be applied, conforms to the statute. In Trawick v. Davis, 4 Ala. Rep. 328, the judgment was in these respects almost *verbatim* the same, without designating *eo nomine* in whose favor it was rendered, or to whom the payments should be made. This court held the judgment to be regular, and said, "the bond consequent upon the judgment is required to be payable to the county court; and this in the absence of more explicit legislation on the point, may serve to show that the judgment should be considered to be in favor of the judge of that court, as the representative of the county." To the same effect is Austin v. Pickett, 9 Ala. Rep. 102. These citations very conclusively establish, that it is not indispensable that the judgment of condemnation should state in whose favor it is rendered—the law determines, with unerring certainty, who is the plaintiff, and this is quite sufficient.

We must infer from the record, that the defendant was present in court when the issue was tried; because he had previously entered into a recognizance, and the order states that "he is in custody of the sheriff," &c. The question then is, whether the order for his detention was the proper mode of securing obedience to the judgment. It is not indispensable to the regularity of the proceeding, that the defendant should appear, to authorize the court to determine the question of filiation. Trawick v. Davis, 4 Ala. R. 328. Where a judgment is rendered against him in his absence, there can be no doubt that he may be attached, if he fails to execute the bond, which the statute requires. But if he is present, there can be no necessity for issuing an attachment to answer for the contempt; an order to detain him in custody, would be altogether as regular as the most formal writ directing his arrest. Certainly the court could not permit a party to escape from its presence, and thus defeat a compliance with a peremptory order, which contemplated prompt obedience, for the want of power to restrain him. If, in such case, it was powerless, its judgment in cases like the present, would often be inefficient and valueless. We are satisfied, that the order directing the defendant to remain in custody, until he gave bond with surety, is unobjectionable. State v. Ingram, 4 Hayw. Rep. 222; Woodcock v. Walker, 14 Mass. Rep. 387. See also 4 N. Hamp. Rep. 369; 2 Greenl. Rep. 165. The judgment of the county court is consequently affirmed.