PRUITT *vs.* THE JUDGE OF THE CO. COURT, &c.

1. Where the defendant in a bastardy proceeding appears before the County Court, pleads guilty to the accusation, and acknowledges himself to be the father of the child, and, in pursuance of the judgment rendered, executes a bond, which recites that the mother is a single woman, and was delivered of the child in the county wherein the proceedings were had, the jurisdiction of the court is sufficiently shown, and it is then too late to object to defects in the original complaint, or in the process of the justice of the peace.

2. The correct construction of the bastardy act is not that the father shall be compelled to support the child until it arrives at the age of ten years, but for ten years from the judgment of condemnation.

Error to the Circuit Court of Barbour. Tried before the Hon. Geo. Goldthwaite.

THIS was a proceeding by *supersedeas* to arrest and quash an execution, issued against the plaintiff in error on a bond executed by him in conformity to a judgment of condemnation rendered against him under the bastardy act. The facts on which the supersedeas was sued out and the grounds on which the motion to quash was made are sufficiently set out in the opinion for a full understanding of the points decided. The Circuit Court refused to quash the execution, and dismissed the supersedeas, and this is now assigned as error.

COCHRAN & SAYRE, for plaintiff in error.

BARRY, for defendant.

PARSONS, J.—The Circuit Court dismissed the supersedeas, refused to quash the execution, and gave judgment against the plaintiff in error for the costs, and these decisions of the court are now assigned for error. The plaintiff had been condemned under the bastardy act to pay fifty dollars a year for ten years for the support of the child, and had given bond and sureties, payable to the judge of the County Court. The condemnation was rendered on the 9th August 1842, and the bond executed on the same day. It appears by the judgment of condemnation, that the child was then about six years

old; that the mother, according to her complaint, was delivered in Barbour county; and that at the time of trial the plaintiff in error confessed said accusation and confessed himself to be the father of the child. It also appears by a statement in the bond, that the mother of the child was a single woman, and that the child was born in Barbour county. The execution in question was issued in October 1847, for one of the annual payments of fifty dollars secured by the bond. The plaintiff in error, by his petition, procured a supersedeas to arrest the execution, to the end that he could have it quashed; and afterwards this proceeding was transfered to the Circuit Court of Barbour, by reason of the fact that the County Court Judge had been of counsel in the cause, in which it was disposed of as already mentioned.

It is now contended that the County Court had no jurisdiction of the complaint, because it appeared by the mother's *complaint before the justice* that the child was born in Fayette county, and because, as is alleged, it does not appear that the mother was a single woman. The enactment is, that any *single woman pregnant or delivered*, &c. may complain to any justice of the peace of the county where she may be so pregnant or delivered. The complaint was made in this case in Barbour county. The justice bound the plaintiff in error to appear and answer at the County Court of that county. The bond of the plaintiff to appear and answer contains a recital that the mother was pregnant of the child in Barbour county; and his bond to pay the condemnation money states that she was a single woman, and that she was delivered of the child in Barbour county. The statute declares this bond to have the force, validity and effect of a judgment, and that executions may issue thereupon. The complaint before the justice is not required to be in writing, but when the accused appears before the justice, the latter is to examine the female, in the presence of the accused, touching the charge; and if sufficient cause be shown, the justice is to bind the accused to appear at the County Court.—Clay's Dig. 133. The questions whether she was a single woman, (as none else are within the statute,) and whether she made her complaint in the proper county, were both involved in this examination. Further—an issue is to be made up and tried in the County Court, " whether the

Pruitt v. The Judge of the Co. Court, &c.

reputed father is the real father of the child or not." It will not be contended that the accused can now take advantage of any defect in the process issued by the justice. If it should be contended that the complaint before the justice ought, by construction, to have been in writing, still it cannot be said that it was to form a part of the issue to be tried in court. In this respect it differs from certain statutory proceedings by notice, which is to take the place of a declaration, and from the complaint in a forcible entry and detainer. Indeed, the female is not a party to the cause—she is merely the informer or witness, and she recovers nothing. We think the questions, whether or not she was a single woman, and whether or not the complaint was made in the proper county, may have been put in issue on the trial in the County Court. Looking rather to the intention than to the language of the act, we think this is a fair conclusion. It was not the intention of the act that the party complained against should be concluded upon these questions, either by the mother's complaint or by the examination before the justice of the peace, and still less by the justice's warrant. If not, it was intended that these facts might be tried in court. Assuming this to be so, the question is similar to the case of an indictment for a misdemeanor, after judgment. There, it is too late to object to the form of the original complaint, or to the process of the justice. We do not mean to say that, in general, jurisdiction in the present class of cases will be presumed after judgment, unless it legally appears that the mother was a single woman, and that she complained in the proper county. Had there been an issue, these facts might have been within it; that would have settled the question. But in this case the accused confessed his guilt, and executed the bond, which may not only be considered as the admission of the accused, and as part of the judgment according to the statute, but as the judgment itself, containing these admissions. And thus the jurisdiction appears. It will be perceived by the counsel of the plaintiff in error, that the authorities they have cited are not in conflict with the view we have taken. As this is obvious, we do not examine those authorities particularly in this opinion. We therefore have no difficulty in arriving at the conclusion, that the judgment is not void, and this without the necessity of con-

struing, as it respects its application to this kind of a case, another of our statutes, which says that "judgment on confession shall amount to a release of errors."—Clay's Dig. 321, § 51.

The plaintiff's counsel limit the construction of the bastardy act, so as to read that the father shall be compelled to support the child only till it arrives at the age of ten years; and in the next place, they infer that the execution in question was for a yearly payment which became due after the child had attained the age of ten years, and therefore improperly issued. We do not find this limitation in the act, and we cannot put such a construction upon it.

Lastly—we do not enquire whether the act limiting writs of error to three years applies to cases like the present; because, if the judgment is not void, its errors cannot be looked to in support of a motion to quash the execution.

The judgment of the Circuit Court must be affirmed.