[Dorgan v. The State.]

# Dorgan *v.* The State.

*Prosecution under Bastardy Statute.*

1. *Nature of proceeding.*—A prosecution under the statute relating to bastardy (Code, §§ 4071-93) is neither strictly civil nor stricty criminal, but partakes of the nature of both, and is rather of a *quasi*-criminal character.

2. *Challenge of jurors; how many allowed.*—The statute does not prescribe the number of peremptory challenges, to which the defendant shall be entitled; and he can not complain that he was allowed only four challenges, as in civil cases, instead of six, as in criminal cases.

3. *Charge as to sufficiency of proof when evidence is conflicting.*—A charge requested, which instructs the jury that, when one witness swears to the existence of a fact, and another witness, of equal credibility, swears to its non-existence, the fact is not proved, unless there is other satisfactory proof of it, which, standing alone, would be sufficient to establish the probability of its truth, if not erroneous, is certainly misleading, and therefore properly refused.

4. *Proof that prosecutrix is an unmarried woman.*—When the complaint, being in proper form, and under oath, alleges that the prosecutrix is a single woman, the truth of that allegation is necessarily a part of the issue to be tried; and on the issue made up under the direction of the court, "as to who was the real father of the child mentioned in the' complaint," the jury having returned a verdict against the defendant, finding that he was the father of the child, this court will not reverse the judgment, because the record does not affirmatively show that proof was made of the fact that the prosecutrix was a single woman.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WM. E. CLARKE.

This was a prosecution under the bastardy statute (Code, §§ 4071-93),instituted on the complaint of Josephine Ladnier, who made oath before a notary public (and *ex officio* justice of the peace) "that she is a single woman, and a resident of said county; that she was delivered of a female bastard child in said county, on or about the 5th February, 1880, and that William C. Dorgan is the father of said bastard child." The defendant was arrested upon a warrant issued by the magistrate, and, waiving an examination, gave bond for his appearance at the next term of the Circuit Court. In that court, a complaint was filed against him, in these words: "The State of Alabama charges, that William C. Dorgan, the defendant, is the real father of the female bastard child begotten of Josephine Ladnier, in Baldwin county, as alleged in the affidavit in said cause;" and the judgment-entry recites, that an issue "was made up, by and under direction of the court, as to who was the real

[Dorgan v. The State.]

father of a certain female child mentioned in the complaint."
On the trial, as the bill of exceptions recites, when the prose-
cuting officer had announced that he was satisfied with the
jury, "the defendant asked the court, how many challenges he
would be entitled to; and the court replied, only four peremp-
tory challenges; to which ruling the defendant excepted, but
did not afterwards challenge as many as four of the jurors."
The prosecutrix, who was examined as a witness on the part of
the State, testified that the defendant was the father of her
child, and that no one else had had criminal intercourse with
her for several years prior to its birth; while the defendant,
testifying as a witness for himself, denied that he was the father
of the child, but admitted his criminal intimacy with the pros-
ecutrix; and other witnesses for him testified to facts which
tended to show criminal intercourse between her and other men
prior to the birth of the child. The bill of exceptions does not
purport to set out all the evidence adduced.

The defendant requested the following charges, which were
in writing: "1. If there is not satisfactory evidence of the
guilt of the accused, and the question of guilt depends upon
the testimony of said Josephine Ladnier and of said W. C.
Dorgan; then, if Josephine has testified that Dorgan is the
father of the child, and he has testified that he is not, and both
are equally worthy of belief, then the fact is not found"
[*proved?*] "2. If one witness swears to the existence of a fact,
and another witness, of equal credibility, swears that the fact
is not true; then the fact is not proved, unless there is other
satisfactory proof of the fact." "The court refused each of these
charges, and the defendant excepted to their refusal."

The errors assigned are, the refusal of the charges asked, and
the rendition of judgment against the defendant on the verdict,
"when there was no sufficient issue made up, it not appearing
in the issue that the prosecutrix was a single woman, and the
proof not showing that she is a single woman."

JAMES COBBS, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—A proceeding under our statute in a
bastardy case (Code, 1876, §§ 4071 *et seq.*) has been held by this
court not to be a misdemeanor, or otherwise strictly criminal
in its nature, though adjudged to be penal in some of its char-
acteristics.—*Paulk v. State,* 52 Ala. 427; *Satterwhite v. State,*
28 Ala. 65. In *State v. Hunter,* 67 Ala. 81, we pronounced
the sounder and better view to be, that such proceeding was
*sui generis,* partaking of the nature of both a criminal prose-

[Dorgan v. The State.]

cution and of a civil suit—or, in other words, that it was neither a civil suit, nor a criminal prosecution, but rather of a *quasi-criminal* character.

In this view of the matter, the court did not err in refusing to allow the appellant as many as *six* peremptory challenges, which is the number prescribed by section 4879 of the Code in the trial of misdemeanors. He could not complain that he was restricted to only *four* such challenges, the number allowed in the trial of civil causes.—Code, § 3016. At common law, peremptory challenges were never allowed in civil suits, but only in criminal cases punishable capitally.— *United States v. Cottingham*, 2 Blatch. (C. C.) 470; 4 Black Com. 354. No express provision seems to be made by statute touching this matter in bastardy cases,—a clear instance of *casus omissus*, unless it can be supplemented by adopting the rule applicable to civil cases, upon principles of analogy.

The two written charges requested by the appellant, were certainly misleading, if not erroneous, and were properly refused. They are each obnoxious to the construction, that where one witness swears to the existence of a fact, and another witness of equal credibility, or equally worthy of belief, swears to the non-existence of the same fact, the fact is not proved, unless there is other satisfactory proof of it, which, standing alone, would of itself be sufficient to establish the probability of its truth. In such cases, a very slight circumstance, or fact, might be sufficient to corroborate the one witness or the other, so as to produce a rational conviction of the truth or falsity of the *factum probandum*, when, standing alone and disconnected, it might weigh very little with the jury, and be totally inadequate for this purpose.

It is provided by the statute, that "the court, on the appearance of the accused, must, if he demand it, cause an issue to be made up, to ascertain whether he is the real father of the child or not."—Code, § 4078. The judgment-entry recites, that an issue was made up, under the direction of the court, "as to who was the real father of a certain female child *mentioned in the complaint;*" and the jury returned a verdict in favor of the State, and that they found that the defendant was the real father of the child. The issue joined and tried was, evidently, one having reference to the statements set forth in the complaint, which was under oath, and contained the necessary averments required by the statute.—Code, 1876, § 4071. The complaint alleges, that the prosecutrix was a *single woman;* and the truth of this alleged fact was necessarily a part of the issue made up and tried. The complaint, therefore, presents a substantial ground of accusation, or cause of action, coming within the statute; and this court will not reverse the cause, for the mere reason

[Nicholson v. The State, ex rel. Collins.]

that the *evidence* set out in the bill of exceptions fails to show that the complainant was single, or unmarried. This court has no power to review the verdict of a jury in their findings on the evidence.—*Austin v. Pickett*, 9 Ala. 102 ; *Shouse v. Lawrence*, 51 Ala. 559.

Affirmed.