# Smith *v*. The State.

## *Bastardy.*

| 73 | 11 |
|-----|-----|
| 107 | 690 |
| 108 | 59 |
| 109 | 38 |
| 73 | 11 |
| 121 | 39 |

1.  *Bastardy ; its character.*—A bastardy proceeding under the statute is penal, but is strictly neither criminal nor civil, partaking, as it does, somewhat of the nature of both.

2.  *Same; defect in affidavit and warrant can not be raised by demurrer.* In the circuit court, on appeal from a justice's court, in a bastardy proceeding, the affidavit and warrant are in no sense pleading, the issue being there made up under the orders of the court; and hence, the failure of the affidavit to aver that the prosecutrix was a single woman, can not be considered on demurrer.

3.  *Same ; when motion to quash affidavit and warrant comes too late.* A motion to quash the affidavit and warrant in a bastardy proceeding, on the ground that the affidavit fails to aver that the prosecutrix was a single woman, comes too late, when made for the first time in the circuit court on appeal.

4.  *Same ; what judgment entry should show.*—A judgment in such a proceeding for the payment of forty dollars annually, without specifying the number of years the payment should be made, is erroneous; but the statute prescribing that, on conviction, the defendant shall give bond for the payment of a sum not exceeding fifty dollars, as the court may prescribe, to be paid annually for ten years, such error will, on appeal by the defendant, be corrected in this court.

APPEAL from Dale Circuit Court.
Tried before Hon. H. D. CLAYTON.

W. E. MAULDIN and J. M. CARMICHAEL, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The complaint made before the justice, on which the warrant of arrest was sued out, omits to aver that the prosecutrix was a single woman.—Code of 1876, § 4071. The duty of the justice in such case is purely preliminary, and if, on examination of the witnesses, it appears there is probable cause for believing the accused is guilty of the charge, [bastardy], he must be required to give bond for his appearance at the circuit court to answer the charge ; and failing to do so, he must be committed to jail until he gives

[Smith v. The State.]

the same, or is otherwise discharged by law.—Code, §§ 4072–4. The proceeding is penal, but is strictly neither criminal nor civil. It partakes somewhat of the nature of both. Its policy may be referred to the police power, exerted, primarily, to secure proper maintenance and education of the infant, and, secondarily, for the good of society, and its relief from what otherwise might be a burden on its resources.

In the trial before the justice, it does not appear that any question was raised as to the sufficiency of the affidavit or warrant. If it had been raised there, it could, and doubtless would have been amended. When the case reached the circuit court, a complaint was filed, or new written charge preferred, which healed the imperfections in the affidavit and warrant of arrest. In that new charge, it is averred that the prosecutrix was a single woman, and that she was pregnant with a bastard child in Dale county. The defendant then, for the first time, and in the circuit court, attempted to raise the question of the insufficiency of the affidavit and warrant. He first interposed a demurrer to them. This was rightly disallowed, for they were in no sense pleading. The circuit court orders the issue to be made up, when the defendant demands it.—Code § 4078. We are not informed that any issue had been made up, or even demanded. Demurrer was not a proper remedy. The defendant then moved to quash the affidavit and warrant. We think this motion came too late. It should have been interposed before the justice, and, if disallowed there, probably might have been renewed in the circuit court. We will not lay down very technical rules in a proceeding like this.—*Austin v. Pickett*, 9 Ala. 102; *Dorgan v. The State*, 72 Ala. 173; *Crosby v. Hawthorn*, 25 Ala. 221.

In entering up the judgment there was a clerical error committed. The statute requires that, on conviction, the defendant shall be adjudged to give bond for the payment of a sum not exceeding fifty dollars a year, as the court may prescribe, to be paid annually for ten years.—Code, § 4080. The judgment in this cause is for the payment of forty dollars annually, but does not specify the number of years the payment shall be made. We correct and amend the judgment, so as to read as follows: It is therefore considered by the court that the sum of forty dollars be paid yearly by the defendant on the first Monday in January in each year, for ten years, to the judge of probate of Dale county, for the support and education of the child. And the clerk of this court will certify this correction to the court below. And, as corrected, the judgment of the circuit court is affirmed.