99   201
109   39

# The State *v.* Woodson.

*Prosecution for Bastardy.*

1. *Local jurisdiction.*—A prosecution for bastardy (Code, § 4842), if made during the pregnancy of the complainant, must be made in the county in which she lives, or is for the time being; but, if not made until after the birth of the child, it must be made in the county in which the child was born.

2. *Limitation of prosecution.*—Under statutory provisions (Code, § 4848), a prosecution for bastardy can not be instituted "after the lapse of one year from the birth of the child, unless the defendant has in the meantime acknowledged and supported the child."

APPEAL from the Circuit Court of Crenshaw.
Tried before the Hon. JOHN R. TYSON.

WM. L. MARTIN, Attorney-General, and M. W. RUSHTON, for appellant.

GAMBLE & BRICKEN, and J. H. PARKS, *contra.*

STONE, C. J.—This was a proceeding instituted before a justice of the peace in Crenshaw county, charging the defendant, Woodson, with bastardy, under section 4842 of the Code of 1886. The statute, so far as it sets forth the nature and constituents of the offense, and the jurisdictional venue prescribed for its trial, has remained substantially unchanged ever since its enactment, December 13, 1811. Toulmin's Dig. 64–5–6; Clay's Digest, 133. Its present form—§ 4842 of the Code of 1886—is as follows: "When any single woman, pregnant with or delivered of a bastard child, makes complaint on oath to any justice of the county where she is so pregnant or delivered," &c. The statute permits this proceeding to be instituted pending the pregnancy, or it may be delayed until after the birth of the child, at the option of the party complaining.

Many years ago this statute was interpreted by this court, and it was held that, if the complaint was made pending pregnancy, then it must be before a justice of the county in which the complaining prosecutrix, for the time being, is or has her habitation. On the other hand, if the complaint is not preferred until after the birth of the child,

it must be made in the county in which the child was born. *Pruitt v. The Judge Co. Court*, 16 Ala. 705; *Wilson v. Judge*, *&c.*, 18 Ala. 575. In *Williams v. State*, 29 Ala. 9—a bastardy case—this court said: "A proceeding in bastardy can be commenced only before a justice. His jurisdiction to proceed in the summary mode provided by the Code depends upon the existence of the following preliminary facts: 1st, that a woman should make a complaint on oath to him, accusing a particular person of being the father of a bastard child with which she is pregnant, or of which she has been delivered; 2d, that the woman making the complaint is a single woman; that she is so pregnant, or has been so delivered, in the county of which the justice acts as justice." We may add, this is the only interpretation of the statute its language permits us to give to it.

The affidavit for the warrant of arrest in this case was made before a justice of the peace of Crenshaw county, on March 20, 1891. This was the institution of the proceeding, and the warrant of arrest bears the same date. Prosecutrix made oath "that she is now, and was a single woman on the 5th day of January, 1889; and that she was delivered of a bastard child on the said 5th day of January, 1889, in Macon, Georgia, but that she was pregnant with said child in Crenshaw county, Alabama, and that conception took place in said county and State." In the Circuit Court, on motion of defendant, the proceedings were dismissed by order of the court, because the affidavit of complaint clearly showed that neither the justice of the peace nor that court had jurisdiction of the case. The charge was not made, nor the warrant of the arrest sued out, while the prosecutrix was pregnant. Hence it was not enough that she was then in Crenshaw county. She had been delivered of the child, and to give the justice or the Circuit Court local jurisdiction, it was essential that she should have been "delivered" in that county.

There was formerly no statute of limitations to proceedings under this statute. The law is now different. Under the Code of 1886 (§ 4848), it is declared that "no proceeding shall be instituted under this chapter after the lapse of one year from the birth of the child, unless the defendant has, in meanwhile, acknowledged or supported the child." The affidavit in this case shows that the proceedings were instituted more than two years after the birth of the child.

There is no error in the record, and the judgment of the Circuit Court is affirmed.