# Laney v. The State.

*Bastardy Proceeding.*

1. *Bastardy; when objection to affidavit or warrant comes too late.*—If the defendant in a bastardy proceeding does not, before the justice of the peace, raise any objection to the sufficiency of the warrant or affidavit, he will not be heard to raise such objection in the Circuit Court, on appeal.

2. *Objection to evidence; offer of compromise.*—Testimony, in a bastardy proceeding, that the defendant, after his arrest, offered to marry the prosecutrix, is not subject to objection on the ground that it was an offer to compromise the suit; it not appearing that the offer was accompanied with the requirement or condition that the proceeding should be abandoned.

[Laney v. The State.]

APPEAL from the Circuit of Calhoun.

Tried before the Hon. GEORGE E. BREWER.

This was a bastardy proceeding against the appellant. The warrant, with affidavit attached, under which he was arrested, was as follows: "The State of Alabama, Calhoun County.    Justice Court.    To any lawful officer of said State:

Complaint on oath having been made before me that the offense of bastardy has been committed, and accusing Linard Laney thereof: you are therefore commanded forthwith to arrest Linard Laney and bring him before me at the Greenwood school house in Calhoun county, Ala.   John Fagan, Justice of the Peace.

The State of Alabama, Calhoun County.   Before me, John Fagan, justice of the peace for said county, personally appeared Urin D. Stephenson, a single woman, who being duly sworn, depose and say that on the —— day of March, 1893, she was conceived of a bastard child in the said state and county, the offense of bastardy was in the opinion of plaintiff committed, and that Linard Laney is guilty thereof.

her

NORER (X) STEPHENSON.

mark

Sworn and subscribed to before me, this 30th day of November, 1893.

JOHN FAGAN, Justice of the Peace."

Upon being brought before the Justice, the defendant waived examination, and gave bond to appear at the next term of Circuit Court, as provided by law.   In the Circuit Court, before an issue was made up, the defendant moved the Court to dismiss the proceeding upon the following grounds: (1) Because there was no complaint, on oath, as prescribed by section 4842 of the Code of Alabama, to authorize either the justice of the peace or the Circuit Court to take jurisdiction of this case. (2) The affidavit of complaint does not show that complainant, a single woman, accuses any particular person of being the father of a bastard child, with which she is pregnant or has been delivered. (3) The affidavit of complaint does not state or show that the complainant was either pregnant with or had been delivered of a bastard child in the county in which the complaint is made, or accusing any person of being its father. (4) The affidavit of complaint does not allege

or accuse the defendant, Leonard Laney, of being the father of said bastard child. (5) Because said affidavit of complaint is not signed by Urin D. Stepenson, who purports to make said affidavit, but by Norer Stephenson, another and different person. (6) That neither the affidavit of complaint nor the warrant issued by the justice of the peace states or shows any facts authorizing the justice of the peace or the circuit court to take jurisdiction of this case. This motion the court overruled. Under instruction from the court, the solicitor then filed the following complaint: "The State complains that Urey Stephenson now is, and ever has been, a single woman; that she has been delivered of a bastard child; that Leonard Laney is the father of said bastard child; and that she was delivered of said bastard child in said Calhoun county, on, to-wit, the 18th day of November, 1893, and was conceived of said child, on, to-wit, the 15th day of February, 1893." The defendant moved to strike this complaint from the file, on the ground of variance in the matters therein stated, and that complained of before the justice of the peace; and that said complaint raised another and different issue from that complained of before the justice of the peace. The court overruled this motion. The defendant then demurred to the complaint, and assigned the following grounds: (1) That said complaint alleges another and entirely different charge against the defendant from that upon which he was arrested and tried in the justice court. (2) That there is a material variance between the charge made in said complaint and the allegations of the affidavit before the justice of the peace. (3) That the charge, as stated in said complaint, is not the offense for which this defendant was arrested and bound over to this court by the justice of the peace. (4) That said complaint sets up a new and distinct charge against the defendant, and is the institution of a proceeding in bastardy against this defendant in the circuit court, contrary to law. The demurrer having been overruled, the defendant pleaded the general issue. The prosecutrix, as a witness for the State, testified to facts tending to show that the defendant was guilty as charged. The defendant moved the court to exclude from the jury the witness' testimony in this respect, on the ground that it was in entire variance with the complaint made by her

before the justice of the peace, upon which the defendant was arrested. This motion was overruled, and the defendant excepted. The brother-in-law of the prosecutrix, being introduced as a witness, testified in regard to a conversation he had had with the defendant. The witness was then asked : "Did he [Laney] ever send any word by you to complainat's father?" The witness answered : "The day he was arrested, he promised to marry her, and wanted me to go to Stephenson [her father] and say so." The defendant moved to exclude this answer from the jury, on the ground that it was a statement of an offer to compromise this suit, and ought not to be received in evidence against the defendant. The court overruled this motion, permitted the statement to go to the jury, and to this ruling the defendant duly excepted. The evidence for the defendant tended to show that the prosecutrix was unchaste. Upon the introduction of all the evidence, the defendant requsted the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same : "If the jury believe the evidence, they will find a verdict in favor of the defendant." There was judgment against the defendant, from which he appeals.

COOKE & COOKE, and J. T. MARTIN, for appellant, cited *Collins v. State*, 78 Ala. 433 ; *Counts v. Harlan*, 78 Ala. 551 ; *Williams v State*, 29 Ala. 9 ; *State v. Woodson*, 99 Ala. 201 ; *Miles v. State*, 94 Ala. 106 ; *Martin v. State*, 62 Ala. 119 ; *Randolph v. State*, 100 Ala. 139.

WM. C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—Proceedings in bastardy are statutory, and must originate before a justice of the peace, on the complaint of a single woman that she is pregnant with or has been delivered of a bastard child, in the county in which the complaint is made, and must accuse a particular person of being the father of such child. The justice must issue a warrant for the arrest of such person, and on his appearance must inquire whether there is a probable cause to believe him guilty. If on such inquiry the justice finds probable cause, the accused is held to an appearance before the Circuit Court, where, if he demands it, an issue is made up, to ascertain

whether he is the real father of the child.—Code, §§ 4842–51. The complaint before the justice is not required to be in writing; it may be oral or written. It serves all the purposes intended, if it induces the issue of process for the arrest of the defendant.—*Pruitt v. Judge*, 16 Ala. 705; *Smith v. State*, 73 Ala. 11; *Austin v. Pickett*, 9 Ala. 102. Without any objection to the sufficiency of the affidavit, constituting the complaint, or to the sufficiency of the warrant of arrest, the defendant appeared before the justice, waived an examination, and gave bond for his appearance at the next term of the Circuit Court. The affidavit and the warrant, if scanned with strictness and particularity, are doubtless wanting in form and substance. But, without regard to their insufficiency, the justice could have proceeded with the examination the statute requires, and have ascertained the essential facts on which his jurisdiction depended. These essential facts were, that the complainant was a single woman, and had been, in the county of Calhoun, delivered of a bastard, of which she accused the defendant of being the father; and these facts could have been declared in the judgment the justice rendered. Voluntarily, the defendant arrested the examination before the justice, giving bond for his appearance before the Circuit Court, doing that which the justice could have exacted of him, if the examination had proceeded, and the justice had rendered final judgment declaring the existence of probable cause, and of the essential jurisdictional facts. In *Smith v. State, supra*, it was held that, if the defendant does not, before the justice, raise any objection to the sufficiency of the warrant or affidavit, he will not be heard to raise it on appeal to the Circuit Court; and for the reason, as was said by the court, the affidavit and warrant were amendable, and, if objection had been made before the justice, their insufficiency could have been cured.

When the cause reaches the Circuit Court, an issue is to be formed, if the defendant demands it, to ascertain whether the defendant is the real father of the child or not. The issue, if he demands it, must be broad enough to comprehend the inquiry, whether the complainant is a single woman, and whether she was pregnant with or delivered of the child in the county in which the complaint was made. This was expressly decided in *Pruitt v. Judge, supra*, under the statute pre-existing the Code.

[Givens *et al.* v. State.]

And in *State v. Woodson*, 99 Ala. 201, it was said, the present is a substantial re-enactment of the pre-existing statute. We are not of opinion the Circuit Court erred in overruling the motion to dismiss the proceedings.

The motion to strike from the file the complaint which was filed by the solicitor, and the demurrer to it, but presented in another form an inquiry into the sufficiency of the affidavit and warrant,—an inquiry which had been waived; and this is also true, of the motion in arrest of judgment.

We do not understand that the proposition, made by the defendant, to marry the plaintiff, was an offer to compromise, or buy his peace. It was not accompanied with the requirement or condition that the proceedings should be abandoned, and the only objection made to the admission of it as evidence was that it was an offer of compromise.

There was no error in the refusal of the instruction, if the evidence was believed, to find the defendant not guilty. The evidence was not free from conflict; and that instruction cannot be given, except when there is no material conflict in the evidence.

Let the judgment be affirmed.