# The State *v.* Rowell.

### *Bastardy.*

(Decided May 7th, 1912.　58 South. 1007.)

*Bastardy; Affidavit. Time to Raise Objection.*—Where a defendant was charged with bastardy in a Justice court, and without raising any objection to the affidavit went to trial in that court and was bound over to a court having final jurisdiction to determine the matter, he cannot, after giving bond for his appearance in that court, raise objections to the affidavit.

APPEAL from Lee County Law and Equity Court.

Heard from Hon. LUM DUKE.

From an order discharging Eddie Rowell from a prosecution for bastardy the State appeals. Reversed and remanded.

ROBERT C. BRICKELL, Attorney General, WM. L. MARTIN, Assistant Attorney General, JOHN R. WATKINS and R. C. SMITH, for the State. The demurrer came too late. —*Walker v. The State,* 108 Ala. 56; *Laney v. The State,* 109 Ala. 34. Demurrer was not the proper remedy, as the affidavit was in no sense pleading.—*Smith v. The State,* 73. Ala. 11.

BARNES & DENSON, for appellee.   No brief reached the Reporter.

DE GRAFFENRIED, J.—The defendant in this case is charged with bastardy.   He was arrested on a warrant issued by a justice of the peace, upon an affidavit made by a woman charging that he was the father of her bastard child.   No objection was made to the affidavit before the justice of the peace, and, on the preliminary trial, the defendant pleaded "not guilty" thereto.   The justice, being of the opinion from the evidence that the defendant should be held to answer the charge, bound the defendant over to the Lee County law and equity court with jurisdiction to finally determine the case, and the defendant gave bond, which was approved by the justice, to secure his appearance in said law and equity court until lawfully discharged from said prosecution. The case was therefore placed upon the docket of said law and equity court, and when it was called for trial the defendant *demurred* to the affidavit made before the said justice of the peace, assigning several grounds of demurrer thereto.   The court sustained the demurrer, and made an order discharging the defendant from the prosecution.

In the case of *Smith v. State*, 73 Ala. 11, the Supreme Court, through Stone, J., said, "In the trial before the justice it does not appear that any question was raised as to the sufficiency of the affidavit or warrant.   If it had been raised there, it could, and doubtless would, have been amended.   When the case reached the circuit court, a complaint was filed, or new written charge preferred, which healed the imperfections in the affidavit and warrant of arrest.   In that new charge it is averred that the prosecutrix was a single woman and that she was pregnant with a bastard child in Dale county.   The

defendant then, for the first time, and in the circuit court, attempted to raise the question of the insufficiency of the affidavit and warrant. He first interposed a demurrer to them. *This was rightfully disallowed, for they were in no sense* pleading."

In this case the record fails to show that a complaint was filed or a new charge preferred, healing the imperfections, if any, which existed in the affidavit made before the justice, and there is nothing to indicate that the accused demanded that an issue be made up to ascertain whether he was the real father of the child, as provided in Section 6373 of the Code; but this in no way affects the question before us. If the case had been tried upon its merits upon the affidavit alone, this court might hold that the State, on behalf of the prosecutrix, had elected to treat the affidavit as the complaint which, under the law, the State had a right to file in the case (*Smith v. State,* 73 Ala. 11.), a course which appears to have been followed in *Allred v. State,* 151 Ala. 125, 44 South. 60; but the present case was not so tried. That question is not before us, and for that reason we intimate no opinion on that subject. "If the defendant does not, *before the justice,* raise any objection to the sufficiency of the warrant or affidavit, he will not be heard to raise it on appeal to the circuit court."—*Laney v. State,* 109 Ala. 34, 19 South. 531. While, in the quoted language from *Laney v. State, supra,* the words "on appeal to the circuit court" would indicate that the case had been *appealed* to the circuit court, the record shows that the quoted language referred to a bastardy proceeding in which the defendant had been bound over to the circuit court, as was done in this case.

It follows that under the decisions above cited, as well as others to which we might refer, we are of the opinion that the trial court committed reversible error

14 CA

in sustaining the defendant's demurrer to the affidavit and in ordering the defendant's discharge.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.