28 So.2d 422

NICHOLAS v. STATE.

1 Div. 530.

Court of Appeals of Alabama.

Dec. 17, 1946.

Graham H. Sullivan and T. T. Shepard, both of Mobile, for appellant.

Wm. N. McQueen, Atty. Gen., and Geo. C. Wallace, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The appellant was convicted in the Circuit Court of Mobile County for the offense of assault and battery. The jury imposed a fine of $500, and the court added a sentence of three months in the county jail.

This case was begun in the Recorder's Court of the City of Mobile and was based on an affidavit and warrant reading as follows:

"Complaint and Warrant
"Complaint of Offense Against
State Laws No. 2378

"The State of Alabama,
"City and County of Mobile.

"Personally appeared before me Norvelle R. Leigh, III, Recorder of the City of Mobile, Alabama, Wade Creech who, on being sworn, doth depose and say that he has probable cause for believing and does believe that within the past 6 months —————within the limits of the City of Mobile, Alabama, assaulted and beat George Portier, against the peace and dignity of the State of Alabama, and prays for a warrant for the arrest of the said Allen E. Nicholas.

"Wade Creech

"Sworn to and subscribed before me this 5th day of April, 1946.

"Norvelle R. Leigh, III.
"Recorder of the City of Mobile.

"Warrant

"The State of Alabama,
"City and County of Mobile.

"To Any Lawful Officer of the State of Alabama.

"Complaint, on oath, having been made before me that the offense of Assault and Battery and  described in the above affidavit, has been committed, and accusing Allen E. Nicholas thereof, you are therefore commanded forthwith to arrest and bring him before the Recorder of the City of Mobile.

"Dated this 5th day of April, 1946.
"Signed: Norvelle R. Leigh, III.
"Recorder of the City of Mobile."

After his conviction in the Recorder's Court the appellant made an appeal bond in the amount of $1,000 and perfected his appeal to the Circuit Court of Mobile County.

Before going to trial in the circuit court the appellant waived arraignment and agreed to go to trial on the original affidavit. No Information was filed by the solicitor.

The appellant, his wife, and his wife's son by a former marriage, George Portier, lived in a trailer home in the City of Mobile. No direct evidence shows George Portier's age, but the inferences are clear that he was a child of tender years, and below school age.

Evidence introduced by the State was directed toward showing that on the morning of Tuesday, 2 April 1946 Mrs. Nicholas, the mother, called George into the trailer. Mr. Nicholas, the appellant, was also in the trailer. George testified that the appellant proceeded to whip him with a rubber belt. According to Mrs. Arns, whose home was about fifty feet from the trailer: "I guess the blows lasted for almost an hour, and you know at times we could hear the child screaming for mercy, and they seemed to be hushed, but we didn't know, not at the time, but we could not hear it all of the time,—it seemed as if it were smothered out, you know."

Mrs. Arns did not see the child again until about four o'clock in the afternoon when he emerged from the trailer to go to a hydrant for water. At this time he was trembling and could hardly walk.

On complaint of a neighbor, other than Mrs. Arns, the welfare authorities took custody of the child on Thursday morning following his whipping on Tuesday morning.

Miss Bessie Rencher, a Welfare Worker for the City of Mobile, and Mr. Wade Creech, a police officer, who actually took the child into custody and later arrested the mother and stepfather, testified that when they saw the child, George, on that Thursday, his back and arms were covered with welts and bruises, and he had a scar or scab on his head apparently caused by a blow.

After the State had rested the appellant moved the court to exclude all the evidence and to instruct the jury to find the appellant not guilty on the ground that the affidavit for arrest did not name the appellant or any other person as making an assault and battery on the child George Portier.

The trial court denied such motion.

■ Where a defendant does not, before a justice, or in this case before a recorder, raise any objection to the sufficiency of the warrant or affidavit, he will not be heard to raise it on appeal to the Circuit Court, for the reason that the affidavit and warrant were amendable, and if objection had been made before the justice or recorder, the insufficiency could have been cured. Smith v. State, 73 Ala. 11; Laney v. State, 109 Ala. 34, 19 So. 531.

The above principles are reflected in and fortified by the provisions of Section 346 of Title 13, Code of Alabama, 1940, as follows:

"It shall be no objection to the proceedings of the county court, either in that court or elsewhere, that they are imperfect or inaccurate; and when its proceedings are reviewed on appeal or certiorari, all amendable errors shall be regarded as amended, so as to present only the substantial inquiry of the guilt or innocence of the accused."

Under Section 594, Title 37, Code of Alabama, 1940 a recorder has original and concurrent jurisdiction with the county court of all misdemeanors committed within the city or the police jurisdiction thereof.

■ In the instant case the record fails to show that this appellant in anywise challenged the sufficiency of the affidavit at the trial in the Recorder's Court of Mobile. He thereafter perfected his appeal to the Circuit Court. At his trial in the Circuit Court he waived arraignment and agreed to go to trial on the original affidavit. No solicitor's complaint was filed. It was not until after the State had presented its case and rested that appellant questioned the sufficiency of the affidavit. His challenge came too late—he had committed himself too far to a jurisdiction which he could have questioned at a proper stage of the proceedings, but at which stage the insufficiencies in the affidavit also could have been remedied by the State. Worthington v. City of Jasper, 197 Ala. 589, 73 So. 116; Turner v. Town of Lineville, 2 Ala.App. 454, 56 So. 603; Bush v. State, 27 Ala.App. 30, 167 So. 335.

It is our opinion that the trial court was correct in denying appellant's above mentioned motion.

Testifying in his own behalf the appellant admitted that he "chastised" the child George on the morning in question, but maintained he only spanked him five or six licks, and in no way inflicted any material injury. He admitted on cross examination that he told the arresting officers that he realized he had hit the child too hard, that he had just lost his head for a minute.

Mrs. Nicholas, testifying for her husband, tended to corroborate his testimony.

The reason assigned by these two witnesses for punishing the child was that he had wet a cot on which he was lying and had attempted to hide his act by covering the wet area with a rubber sheet.

Mrs. Nicholas testified that neither she nor appellant liked to whip George as he was under weight.

Appellant also introduced several witnesses who claimed to have seen the child George between the time of the beating and the time he was taken into the custody of the Welfare officials, whose testimony was to the effect that the child bore no physical evidence of any beating, and that his behavior at the times observed by these witnesses was that of a normal child.

It might be noted that the searching cross examination of the defense witnesses by the solicitor considerably weakened their direct testimony, and tends to create the impression on one reading the record that the versions of several of these witnesses was nothing more than the wandering of untamed fancy. Apparently the jury was so impressed too, as after finding the appellant guilty they assessed "the maximum fine at $500."

578

In his motion for a new trial, and its amendment, appellant, in addition to the insufficiency of the affidavit, assigns as grounds therefor that the verdict and judgment of the lower court was not sustained by the evidence and was contrary to the law; that the lower court erred in refusing to give the general affirmative charge requested by appellant (defendant below), and that sentence and penalty imposed by the jury and court is too severe and not sustained by the evidence.

The record fails to show any request by appellant for an affirmative charge, or that any written instructions were requested by him, nor were any objections made to the oral charge of the court.

The evidence shows that this appellant had taken the child, George Portier, into his family upon marrying the child's mother, and had in every way treated him as a member of the family. He stood in loco parentis. Englehardt v. Yung's Heirs, 76 Ala. 534; Chandler v. Whatley, 238 Ala. 206, 189 So. 751.

One standing in loco parentis may render reasonable chastisement to a child to the same extent as the parent. The parent is not liable in all cases, because in the opinion of the jury, the punishment is excessive. Under the doctrine established in this jurisdiction the parent, or one standing in loco parentis, must not only have inflicted immoderate punishment, but he must have done so with legal malice or wicked motive, or else have inflicted some permanent injury. This results from the rule that a parent, or one standing in loco parentis, exercises a summary judicial function, within the bounds above stated. In determining the reasonableness of the punishment, or the existence of malice, the jury may consider the instrument used, the nature of the offense committed by the child, the age and physical condition of the child and all other attendant circumstances. Boyd v. State, 88 Ala. 169, 7 So. 268, 16 Am.St.Rep. 31; Dean v. State, 89 Ala. 46, 8 So. 38.

In our opinion the jury was fully justified under the evidence in this case in finding that the punishment inflicted by appellant on George Portier was immoderate and accompanied with malice.

We find no merit in appellant's contention that the fine and sentence imposed by the jury and court were excessive. Under Section 33, Title 14, Code of Alabama, one convicted of an assault, or an assault and battery, is subject to a fine of not more than $500, and may also be imprisoned in a county jail, or sentenced to hard labor for the county for not more than six months. The jury after finding this appellant guilty of assault and battery assessed a fine against him of $500, to which the court added a sentence of three months imprisonment in the county jail of Mobile County. The brutish nature of appellant's conduct bespeaks the appropriateness of the punishment imposed.

In our opinion the record is free of any error materially prejudicing the substantial rights of the appellant, and an affirmance of this cause is in order.

Affirmed.