95 So.2d 803

### Ralph B. CHAMPION

v.

### STATE.

### 7 Div. 434.

Court of Appeals of Alabama.

Oct. 9, 1956.

Rehearing Denied Dec. 4, 1956.

John Tucker, Jr., Birmingham, Hayden Rector, Mobile, and H. R. Burnham, Anniston, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was found guilty in the County Court of Calhoun County upon his trial on a complaint charging him with the possession of prohibited beverages. Thereafter he perfected his appeal to the Circuit Court of Calhoun County.

In the circuit court the appellant entered a plea of guilty, and judgment was duly entered upon such plea.

The appellant then perfected his appeal to this court, which affirmed the judgment of the circuit court, no opinion being written by this court.

The appellant has now filed an application for rehearing, and counsel urge that the complaint is void and therefore no legal judgment could be entered upon it.

The complaint in the county court was as follows:

"The State of Alabama
"Calhoun County

"Before me, J. B. Holman, Judge of Calhoun County, personally appeared ——————— who, being duly sworn, deposes and says he has probable cause for believing and does believe that in said State and County, and before making this affidavit Ralph B. Champion did have in his possession beverages prohibited by law

against the peace and dignity of the State of Alabama.

"L. C. Marshall
"Sworn to and subscribed before me, this 18 day of Jan., 1956.

"M. S. Nelson
"Clerk of Calhoun
County Court."

It is to be noted that the name of the complainant is left blank in the face of the complaint, though it is signed by L. C. Marshall. We pretermit discussion of the validity of the complaint in this form, for it is clear that the doctrine stated in Nicholas v. State, 32 Ala.App. 574, 28 So.2d 422, 424, necessitates a denial of appellant's motion for a rehearing, said doctrine being set forth as follows:

"Where a defendant does not, before a justice, or in this case before a recorder, raise any objection to the sufficiency of the warrant or affidavit, he will not be heard to raise it on appeal to the Circuit Court, for the reason that the affidavit and warrant were amendable, and if objection had been made before the justice or recorder, the insufficiency could have been cured. Smith v. State, 73 Ala. 11; Laney v. State, 109 Ala. 34, 19 So. 531.

"The above principles are reflected in and fortified by the provisions of Section 346 of Title 13, Code of Alabama, 1940, as follows:

" 'It shall be no objection to the proceedings of the county court, either in that court or elsewhere, that they are imperfect or inaccurate; and when its proceedings are reviewed on appeal or certiorari, all amendable errors shall be regarded as amended, so as to present only the substantial inquiry of the guilt or innocence of the accused.' "

Application denied.