I did not participate in the opinion of the Court on original deliverance, because I did not sit during the oral arguments, but in view of the gravity of the majority's opinion, I now take this opportunity, on the State's application for rehearing, to register my dissent and express why the overruling of Pierce v. State, 38 Ala. App. 97, 77 So.2d 507
(1954), cert. den., 262 Ala. 702, 77 So.2d 512 (1955), is not required. In Pierce, then-Judge Harwood opined:
 "It is true that a solicitor's complaint must rest upon a charge supported by an affidavit. Usually the affidavit filed in the inferior court from which the appeal is taken serves this purpose. Horn v. State, 22 Ala. App. 459, 117 So. 283 [1928].
 "However, the affidavit is no substantial part of the solicitor's complaint, and is merely to insure good faith in instituting the prosecution. It must be deemed as analogous to the verification to a common law information. The absence of a verification to a common law information does not render it void or deprive a court of jurisdiction, and a failure to verify can be corrected at any time before trial, or in the absence of a showing that the accused has been prejudiced, at any time during trial. See 42 C.J.S., Indictments and Informations, § 86, p. 948.
 "The appellants having failed to challenge the solicitor's complaints at any time in the proceedings below, and the complaints not being void but at most only formally defective, and therefore amendable if questioned, they must be deemed to have waived such defect and their challenges now come too late. See Nicholas v. State, 32 Ala. App. 574, 28 So.2d 422."
In Champion v. State, 39 Ala. App. 10, 95 So.2d 803 (1957), cert. den., 266 Ala. 696, 95 So.2d 804 (1957), Judge Harwood wrote:
 "This appellant was found guilty in the County Court of Calhoun County upon his trial on a complaint charging him with the possession of prohibited beverages. Thereafter he perfected his appeal to the Circuit Court of Calhoun County.
 "In the circuit court the appellant entered a plea of guilty, and judgment was duly entered upon such plea.
 "The appellant then perfected his appeal to this court, which affirmed the judgment of the circuit court, no opinion being written by this court.
 "The appellant has not filed an application for rehearing, and counsel urge that the complaint is void and therefore no legal judgment could be entered upon it.
"The complaint in the county court was as follows:
"`The State of Alabama
"`Calhoun County
 "`Before me, J.B. Holman, Judge of Calhoun County, personally appeared _____ who, being duly sworn, deposes and says he has probable cause for believing and does believe that in said State and County, and before making this affidavit Ralph B. Champion did have in his possession beverages prohibited by law against the peace and dignity of the State of Alabama.
"`L.C. Marshall
 "Sworn to and subscribed before me, this 18 day of Jan., 1956.
 "`M.S. Nelson
"`Clerk of Calhoun County Court.' *Page 667 
"It is to be noted that the name of the complainant is left blank in the face of the complaint, though it is signed by L.C. Marshall. We pretermit discussion of the validity of the complaint in this form, for it is clear that the doctrine stated in Nicholas v. State, 32 Ala. App. 574, 28 So.2d 422, 424
[1946], necessitates a denial of appellant's motion for a rehearing, said doctrine being set forth as follows:
 "`Where a defendant does not, before a justice, or in this case before a recorder, raise any objection to the sufficiency of the warrant or affidavit, he will not be heard to raise it on appeal to the Circuit Court, for the reason that the affidavit and warrant were amendable, and if objection had been made before the justice or recorder, the insufficiency could have been cured. Smith v. State, 73 Ala. 11; Laney v. State, 109 Ala. 34, 19 So. 531.
 "`The above principles are reflected in and fortified by the provisions of Section 346 of Title 13, Code of Alabama, 1940, as follows:
 "`"It shall be no objection to the proceedings of the county court, either in that court or elsewhere, that they are imperfect or inaccurate; and when its proceedings are reviewed on appeal or certiorari, all amendable errors shall be regarded as amended, so as to present only the substantial inquiry of the guilt or innocence of the accused."'
"Application denied."
Although Title 13, § 346, Code of 1940, which regarded as amended on appeal any amendable imperfections or inaccuracies in inferior proceedings, was repealed by Acts of Ala. 1975, No. 1205, § 4-134, I do not believe the absence of a verification of the traffic ticket rendered it void. As Judge Harwood, who later served on this Court, stated in Pierce, supra:
 "The absence of a verification to a common law
information does not render it void or deprive a court of jurisdiction. . . ." (Emphasis added.)
Temporary Rule 16.2 (d), Ala.R.Crim.P., which provides that a question of subject matter jurisdiction can be raised at any time, does not apply. The majority quotes the substance of this rule in its opinion and states: "See Comment which explains that subject matter jurisdiction, such as a sworn complaint, cannot be waived; however, personal jurisdiction may be waived." The Comment to Temp. Rule 16.2 (d), Ala.R.Crim.P., does not make any reference to the words "such as a sworncomplaint," which appear in the majority opinion, so I interpret the majority's reference to be an interpretation of the words "subject matter jurisdiction." A district court hasjurisdiction to try traffic offenses such as the one involved here; therefore, I disagree with the majority's interpretation of the words "subject matter jurisdiction."
I am mindful of our state's constitutional provision that the accused is entitled "to demand the nature and cause of the accusation; and to have a copy thereof." Sec. 6, Ala. Const., 1901. Here, the defendant had a statement of "the nature and cause of the accusation"; it just was not verified. The lack of a verification, in my opinion, was an amendable defect, and did not make the accusation void, nor deprive the court of subjectmatter jurisdiction. Consequently, I respectfully dissent.