JACKSON VS. THE STATE.

1. NEW TRIAL: *For newly discovered evidence.*

The party's affidavit of newly discovered evidence, uncorroborated by the affidavit of a disinterested witness, is insufficient to warrant the granting of a new trial.

2. BASTARDY: *Nature and jurisdiction of proceedings under the statute.*

The proceedings in cases of bastardy, provided for in ch. 15, Gantt's Dig., are in the nature of a criminal prosecution, and, under the Const. of 1868, were within the jurisdiction of a justice of the peace.

APPEAL from *Washington* Circuit Court.

Hon. E. D. HAM, Circuit Judge.

*A. M. Wilson,* for appellant.

*S. P. Hughes,* Attorney General, for the state.

ENGLISH, C. J.   In January, 1874, Cynthia Lane made complaint before a justice of the peace of Washington county, that she had been delivered of a bastard male child, of which Everett Jackson was the father; whereupon a warrant was issued for the arrest of the accused, to answer the complaint. On the trial, the birth of the child, and that Jackson was its father, being proven to the satisfaction of the magistrate, he ordered the accused to enter into bond, as prescribed by the statute, and adjudged him to pay five dollars for the lying-in expenses of the mother, and two dollars a month for the maintenance of the child, from its birth, Nov. 17, 1873, until it should become seven years of age, if it should so long live, etc.

Jackson appealed to the circuit court, where the cause was tried by a jury, on the plea of not guilty, and he was found guilty of being the father of the bastard child, etc., as charged, and the judgment of the justice of the peace affirmed. He filed motions in arrest of judgment, and for a new trial, which were overruled, and he excepted, and appealed to this court.

Jackson vs. The State.

No question of law was reserved at the trial. The new trial was asked on the ground that the finding of the jury was contrary to the evidence.

. The prosecutrix swore very positively that the appellant was the father of the child, stating the times and place when and where he had intercourse with her, and the date, etc., of the birth of the child.

The appellant attempted to prove that other men had intercourse with the prosecutrix, and that she was unworthy of credit for want of chastity. But the witnesses were all before the jury, and it was their province and not ours to pass upon the weight of evidence; and, the presiding judge having refused a new trial, and there being no total want of evidence to sustain any material allegation of the complaint, we shall not disturb the verdict.

The appellant filed, with his motion for a new trial, an affidavit that he had discovered, since the trial, evidence which would establish the fact that the prosecutrix had admitted to one Phillip H. Bobb that appellant was not the father of the child, etc.

Passing over defects in the affidavit of the appellant, it being uncorroborated by the affidavit of some disinterested witness, was insufficient to warrant the granting of a new trial. *Pleasant v. The State*, 13 Ark., 326; *Bixby v. The State*, 15 id., 395; *White v. The State*, 17 id., 404.

The appellant moved in arrest of judgment, "Because the court had no jurisdiction of the prosecution."

In bastardy cases, the statute gives the accused the right of appeal from the judgment of the justice of the peace before whom the complaint is made and the cause tried, to the circuit court. The appellant took an appeal, and the cause was tried anew in the circuit court in accordance with the statute. If the magistrate had original jurisdiction of the

cause, the circuit court had appellate jurisdiction. We have thought proper, in this case, to consider whether justices of the peace had jurisdiction of bastardy cases under the constitution of 1868, which was in force when this prosecution was commenced.

The statute giving justices of the peace jurisdiction in cases of bastardy, and regulating the manner of prosecuting them, was passed February 24, 1838, and became chapter 19 of the revised statutes, title Bastardy. It was passed under the constitution of 1836.

By the constitution of 1836, as originally framed and adopted, justices of the peace were given exclusive original jurisdiction in all matters of contract, except in actions of covenant, where the sum in controversy was of one hundred dollars and under. They had, in no case, jurisdiction to try and determine any criminal case or penal offense against the state, but might sit as examining courts, and might commit, discharge or recognize to the court having jurisdiction for further trial, offenders against the peace, and to bind persons to keep the peace, and for good behavior. Art. VI, sec. 15.

Bastardy is not a matter of contract, and the statute, providing for proceedings in bastardy cases partaking of the nature of criminal prosecutions, attempted to confer upon justices of the peace a larger jurisdiction than was warranted by the constitution of 1836, as originally adopted.

By an amendment to the constitution of 1836, ratified November 17, 1846, the general assembly was authorized to confer such jurisdiction as it might from time to time deem proper, on justices of the peace in all matters of contract, covenants and in actions for the recovery of fines and forfeitures when the amount claimed did not exceed one hundred dollars, and in actions and prosecutions for assaults and battery and other penal offenses less than felony, which might be punishable by fine only. Eng. Dig., 71.

Jackson vs. The State.

By act of December 21, 1846, passed after the ratification of the above amendment, all laws and parts of laws in the revised statutes relating to the duties of justices of the peace, which were inoperative previous to the adoption of the amendment to the constitution, and which had not been repealed, etc., were reënacted, revived and declared to be in full force and effect. Eng. Dig., 961.

The bastardy statute was carried into and made chapter 24 of the digest of 1848, with a note by the digester referring to art. VI, sec. 15 of the constitution of 1836, the above amendment, and reënacting act. Eng. Dig., 211.

The bastardy statute was also carried into and made chapter 24 of the digest of 1858, with a similar note by Mr. Gould, the digester.

In 1855, a bastardy case, which was prosecuted before a justice of the peace of Union county, and taken by appeal to the circuit court, came before this court on appeal. Questions relating to the testimony of the prosecutrix were determined, and the judgment reversed, and the cause remanded for a new trial. *Barnett v. The State*, 16 Ark., 530.

The constitution of 1864 expressly gave justices of the peace original jurisdiction in cases of bastardy, as well as in actions for the recovery of fines and forfeitures for limited amounts, and in prosecutions for assault and battery, and other penal offenses less than felony, punishable by fine only. Art. VII, sec. 18. And, by a provision of the schedule, all laws in force on the 4th of March, 1861, which had not expired by limitation therein contained, and were not inconsistent with the constitution, were declared to be still in force.

By the constitution of 1868, justices of the peace were given exclusive original jurisdiction in all actions of contract and replevin where the amount in controversy did not exceed two hundred dollars, etc. And, in criminal causes, their juris-

diction was extended to all matters less than felony for final determination and judgment. Art. VII, sec. 20.

And by section five of the same article it was provided that "the inferior courts of the state, as now constituted by law, except as hereinafter provided, shall remain with the same jurisdiction as they now possess," etc.

By act of March 21, 1871, providing for a revision of the laws, the digester was required to embrace in the digest all the acts of the general assembly, not local or private, etc., nor repealed, and remaining in force at the completion of the work, etc.

The bastardy act was carried into and made chapter XV of the digest prepared by Mr. Gantt, and examined and revised with much care and labor, and approved by the Hon. Henry C. Caldwell.

Thus the bastardy act has remained upon the statute book, and been carried into the revisions as a law valid and in force, for a period of nearly forty years.

If the act provided a civil remedy to be conducted in the name and for the benefit of the mother, merely, as in some of the states (*Robie v. McNiece*, 7 Vermont, 419; *Scantland v. Commonwealth*, 6 J. J. Marsh., 585), it would be difficult to maintain its constitutionality under any of our constitutions, except that of 1864. But the proceedings provided for in the act are, as above remarked, in the nature of criminal prosecutions. They were so regarded in England under similar statutes. Bacon's Abr., title Bastardy.

Mr. Blackstone, treating of bastardy, says : " But, before we quit this subject, we must take notice of the temporal punishment for having bastard children, considered in a criminal light ; for, with regard to the maintenance of such illegitimate offspring, which is a civil concern, we have formerly spoken at large. By the statute, 18 Eliz. C. 3, two justices may take

order for the punishment of the mother and reputed father, but what that punishment shall be is not therein ascertained, though the contemporary exposition was that corporal punishment was intended. By statute, 7 Jac. 1 C. 4, a specific punishment (viz. commitment to the house of correction) is inflicted on the woman only. But in both cases, it seems that the penalty can only be inflicted if the bastard becomes chargeable to the parish, for, otherwise, the very maintenance of the child is considered a degree of punishment." 4 Book Com., 65.

Under the bastardy acts of Massachusetts it seems the proceedings are conducted in the name of the mother, but in other respects similar to prosecutions under our statute, and there it has been held that the complaint partakes of the nature both of a criminal and a civil suit. But it was also held that an act giving the municipal court of Boston cognizance of all crimes and offenses committed within the town of Boston, which were before cognizable in the court of general sessions of the peace, transferred to the municipal court cases arising under the bastardy act. *Hill v. Wells*, 6 Pick., 104.

All bastardy cases under our act are prosecuted in the name of the state (sec. 546), and on appeals to the circuit court, it is made the duty of the prosecuting attorney for the circuit to answer the appeal and conduct the cause on the part of the state (sec. 540), and the mother is made a competent witness, unless legally incompetent to be a witness in any case. Id.

On the sworn complaint of the mother the person accused of being the father of the bastard is to be forthwith arrested, on a warrant as in criminal cases, and taken before the justice of the peace issuing the warrant.

If the child is not born when the arrest is made, the accused is required to give bail for his appearance after the birth of the child.

When it is determined that the accused is the father of the child, the justice is to require him to give bond, with sureties, to the state, to indemnify each county in the state from all costs and expenses for the maintenance, etc., of the child while under the age of seven years. If he refuse or neglect to give bond, he may be committed to jail until the bond is given, etc.

The justice must further order the accused to pay for the lying-in expenses of the mother not less than five nor more than fifteen dollars, and for the support of the child a monthly sum of not less than one nor more than three dollars, and the order is to be of the same nature of a judgment, upon which execution may issue, etc. These provisions are for the benefit of the fallen mother and unfortunate child, as well as for the protection of the public, but they are also a punishment of the guilty father.

These proceedings are unlike the proceedings in an ordinary civil action brought by an individual, and have the principal features of a criminal prosecution before an inferior tribunal for an offense less than felony, where no indictment is required, and justices of the peace had jurisdiction of such offenses under the constitution of 1868.

The judgment must be affirmed.