# The State of Alabama, *ex rel.* Washington *v.* Hunter.

*Proceedings for Bastardy ; Plea, Statute of Limitations of One Year.*

1. *Bastardy ; nature of the proceeding.*—Proceedings under the statute in a bastardy case, are *sui generis*, and while partaking of the nature of both a criminal prosecution and a civil suit, are *quasi* criminal.

2. *Same ; not misdemeanor.*—A proceeding to charge a person as the reputed father of a bastard child, is not a misdemeanor within the statutes, so as to be barred within "twelve months after the commission of the offense," under § 4634 of the Code.

3. *Bastardy ; proceedings in not barred by any statute of limitation.*—There is no statute of limitations in this State, which bars a proceeding under the statute to charge the reputed father of a bastard child with its support, unless, in analogy to the doctrine of prescription, it is barred by presumption, after a period of twenty years from the birth of the child.

APPEAL from Dallas Circuit Court.

Tried before Hon. G. H. CRAIG.

The facts appear sufficiently from the opinion.

H. C. TOMPKINS, Attorney-General, for the State.

S. W. JOHN, for the appellee.

SOMERVILLE, J.—This proceeding was commenced before a justice of the peace, on March 9th, 1880, charging the appellee with being the reputed father of a bastard child, under the provisions of Chap. 6, Title I, Part 4, §§ 4071 *et seq.* of the Code of 1876.

The accused was required to enter into bond to appear for trial in the Circuit Court of Dallas county, and appearing there defended by pleading the statute of limitations of one year.

The complaint of the relator showed that she was delivered of a child on January 12, 1878, being then and at the time of becoming pregnant, a single or unmarried woman.

A demurrer to the plea was overruled, the proceeding was dismissed on a failure of the defendant to plead over, and this appeal is taken by the State, under the provisions of the statute expressly authorizing it.—Code, § 4093.

The question to be decided is, was the proceeding barred by the statute of limitations of one year?

It is insisted by appellant's counsel that this is a "civil case," and, as such, is brought within the operation of the statute of limitations of one year, as prescribed by § 3231 of the Code; and, in support of this view, we are cited to several adjudicated cases, which have so held in construing statutes somewhat resembling our own.

It might be urged with equal force that it was a criminal prosecution, as the several bastardy acts of England were pronounced to be, so that persons exempted from imprisonment on civil process, were held liable to commitment for disobedience of the orders of the Sessions touching the maintenance of the bastard child, as in *Rex v. Bowen,* 5 T. R. 156.

It is conducted in the name of the State as plaintiff, and the defendant is styled "the accused."—Code, § 4092. The process is *forthwith,* and is called a "warrant," and a preliminary investigation is had in order to ascertain "if there is probable cause to believe that the accused is *guilty of the charge,*" and a bond for the appearance of the defendant may be taken as in criminal cases.—§§ 4072, 4076. And this court has pronounced such statutes "penal" in their nature, and required them to be strictly construed.—*Judge of County Court v. Kerr,* 17 Ala. 328.

On the contrary, either party may appeal, as in civil cases, and a judgment for costs may be rendered against the mother who is complainant (§§ 4091, 4093); the accuser and accused are competent witnesses (§ 4078), and it is not required, as held in *Satterwhite v. State,* 28 Ala. 65, that the evidence

should place the defendant's guilt beyond a reasonable doubt, before authorizing a conviction.

The sounder and better view, in our opinion, is, that a proceeding under our statute, in a bastardy case, is *sui generis*, and partakes of the nature of both a criminal prosecution and a civil suit, and may therefore be styled *quasi* criminal, as was done by the commissioners who digested and codified our statutes, as found embodied in "Part Fourth" of the present Code of 1876, §§ 3976–4003, p. 861.

If, furthermore, such proceedings should be considered purely civil, there could be no legal sentence of the guilty party to imprisonment, as authorized by § 4081 of the Code, for this would be clearly violative of § 21 of the Declaration of Rights, which provides that "no person shall be *imprisoned for debt*."—Const. (1875), Art. 1, § 21.

This construction, which we see fit to give to our bastardy statutes, is in accordance with the view taken by the Supreme Court of Massachusetts in *Hill v. Wells*, 6 Pick. 104 ; and also by the Supreme Court of Arkansas in *Jackson v. State*, 29 Ark. 62. In the latter case, the court say : "These provisions are for the benefit of the fallen mother and unfortunate child, as well as for the protection of the public, but they are *also a punishment of the guilty father*."

We think it equally clear that a proceeding in bastardy is not a *misdemeanor*, within the meaning of the statutes, so as to be barred within twelve months after the commission of the offense," under § 4614 of the Code.

A misdemeanor may be defined to be any *crime* less than a felony, and they are generally punished by *fine*, or *imprisonment*, or both. It is an essential characteristic of a misdemeanor, we think, that it should be an *indictable* offense. Bish. on Cr. Proc. § 624 ; Code of 1876, § 4094-6.

The word is said formerly "not to have included a multitude of offenses over which magistrates have an exclusive summary jurisdiction, for a brief designation of which our legal nomenclature is at fault."—2 Bouv. Law Dict. *title* Misdemeanor. Penalties recoverable by *qui tam* actions are excluded from the definition by the statute.—§ 4097.

We can see good reasons why no statute of limitations was prescribed to bar such proceedings. They are chiefly intended for the public indemnity, and to coerce the putative father to support and maintain the unfortunate child. 2 Kent's Com. p. 215. The duty of maintenance continues for a period of ten years, which, in no case, we apprehend, is to extend beyond the time of the child's minority, or legal infancy. We can see no reason why the statute should be so construed as to require such precipitation in the com-

[Serena Jones v. The State.]

mencement of the proceedings, as, in many instances read-
ily to be imagined, it would defeat the very purpose of the
law. *Prewit v. Judge of Co. Court*, 16 Ala. 705.

We hold, therefore, that a proceeding of this character is
not a civil suit, nor is it a criminal prosecution. It is *quasi*
criminal, partaking of the nature of both. There is no
statute of limitations prescribed for such a case by statute,
unless, in analogy to the doctrine of prescription, it is
barred by presumption in a period of twenty years from the
birth of the bastard child.— *Wilcox v. Fitch*, 20 J. 473 ;
Blanchard on Stat. Lim. 2-6 ; Angell on Lim. § 9-11 ; *Dean
v. State*, 63 Ala. 153 ; Code of 1876, § 3236.

The judgment is reversed and the cause remanded.