# Shows *v.* Solomon.

*Petition for Mandamus to County Treasurer.*

1. *Bastardy; money collected on judgment on forfeited bond.*—Money collected under execution on a judgment by default on a forfeited bond in a bastardy proceeding (Code, §§ 4849, 4854, 4861), and paid by the sheriff into the county treasury, does not thereby become a part of the fine and forfeiture fund; and the holder of an allowed claim against that fund can not enforce payment of it out of such money, although the County Commissioners regarded it as a part of the fund.

APPEAL from the Circuit Court of Crenshaw.
Heard before the Hon. JOHN P. HUBBARD.
The record in this case shows these facts: In a prosecution

[Shows v. Solomon.]

for bastardy instituted against John W. E. Kelly, he failed to appear at the trial term of the Circuit Court, to which the case had been removed, and thereupon a conditional judgment was rendered against him and the sureties on his bond; and this judgment, for $500, was made final on the 20th September, 1880. The sheriff afterwards collected the money under execution, and paid it over to Solomon, the county treasurer. At a special term of the County Commissioners Court, held on the 2d December, 1889, the court considered and accepted bids as claims against the fine and forfeiture fund, as follows: J. F. Walker, for all his claims, 48 cents on the dollar; P. J. Thrower, 50 cents on the dollar; and T. W. Shows, for all his claims, "or so much of the same as there is money in the hands of the treasurer, belonging to this fund, to pay, 90 cents on the dollar." The court then ascertained and decreed, "that the county treasurer has in his hands of this money, undisputed, $322;" and after ordering warrants in favor of said Walker, for $88.92, Thrower for $124.25, and Shows for $108.85, the judgment thus proceeds: "We further find that the treasurer has in his hands, after deducting his commissions, $451.25, collected on the forfeited bond of John Kelly, which we consider as belonging to the fine and forfeiture fund; and we direct that an order be issued to T. W. Shows for this amount, on his turning over to the treasurer claims against said fund to the amount of $501.38."

The county treasurer refused to pay this last warrant when presented, and thereupon Shows filed a petition for a *mandamus* to compel its payment. The facts stated being admitted, and notice waived, Judge Hubbard refused to award a *mandamus*, and dismissed the petition with costs. The appeal is taken from this order, and it is assigned as error.

J. H. PARKS, for appellant.

GAMBLE, BUCKNER & GAMBLE, *contra.*

STONE, C. J.—Proceedings in bastardy are said to be *quasi*-criminal, but they are not strictly so. In their nature, they partake somewhat of the qualities of a civil suit, and, to some extent, of a criminal prosecution.—*State, ex rel. v. Hunter,* 67 Ala. 81; *Dorgan v. State,* 72 Ala. 173; *Smith v. State,* 73 Ala. 11. Maintenance and education of illegitimate offspring, born or to be born, are its purposes and policy. It is instituted by affidavit and warrant of arrest; preliminary investigation is had before a committing magistrate, and the case is sent up to the Circuit Court for trial, if the testimony justify

[Cox, Hill & Thompson v. Columbus & Western Railway Co.]

it; and defendant gives bail for his appearance, as in criminal cases. To this extent, the procedure assimilates itself to that of a criminal prosecution; but it is neither a case for the grand jury, nor is it, in this proceeding, prosecuted as an offense against the peace and dignity of the State. If, on trial in chief, defendant is convicted, no fine is imposed on him. The sentence is, that he pay the costs, and enter into bond conditioned to pay not exceeding fifty dollars a year, as the court may order, for the period of ten years, "for the support and education of the child."—Code of 1886, § 4854. This is a wholesome municipal regulation, and looks to the welfare of society as well as that of the illegitimate child.

The money in controversy in the present suit was collected on defendant's forfeited bond, which he gave for his appearance at the Circuit Court.—Code, §§ 4844, 4849. The interest on the sum collected was and is payable to the illegitimate child.—*Ib.* § 4861. On the death of the child, or intermarriage of the parents, "the portion of such judgment paid into the county treasury" must, it would seem, be returned to the defendant.—*Ib.* § 4864. But we need not, and do not, decide this question.

The present record is silent on many important inquiries. It is not shown whether any trial has been had in the Circuit Court, whether the child is living or dead, whether or not the parents have intermarried, nor whether the interest or any other part of the money has been paid to the child. Nor is it shown whether or not a bond has been given under section 4854 of the Code. On the facts shown, we feel no hesitancy in declaring that the fund sought to be recovered in this suit is not a part of the fine and forfeiture fund which the plaintiff can subject to his demand.

Affirmed.