[Bell v. The State.]

# Bell v. The State,

## *Proceeding in Bastardy.*

1. *Notary public; powers of.*—A notary public with *ex officio* powers of a justice of the peace has the same jurisdiction in bastardy proceedings under the statute as a justice of the peace has; and if an affidavit charging bastardy is made before a justice of the peace and he issues a warrant of arrest returnable before a notary public of the same county, the irregularity is waived if no objection is made to the proceedings to the notary trying the cause.

2. *Sustaining evidence by proof of good character, when competent.* Sustaining evidence as to the character of a witness for truth and veracity is only competent where impeaching evidence has been offered. The mere contradiction of one witness by another as to any fact testified to, does not authorize the introduction of sustaining evidence of good character for truth and veracity as to either of such witnesses.

3. *Bastardy; measure of proof in.*—The measure of proof in a bastardy proceeding does not require that the evidence shall satisfy the jury to a moral certainty or beyond a reasonable doubt, that the defendant is the father of the bastard child, before they can so find by their verdict.

APPEAL from Crenshaw Circuit Court.

Tried before D. M. POWELL, ESQR., Special Judge.

The following charges were given by the court at the request of the State: 1. "The court charges the jury that the State is not required to prove the defendant's guilt beyond a reasonable doubt and to a moral certainty, but only a reasonable certainty."

2. "The court charges the jury that Joeanna Blackman is merely the informer, and she recovers nothing. But that if the defendant is found to be the real father of the child the money required to be paid by him must go to the maintenance and education of the offspring."

The court refused the following charge to the defendant: "The court charges the jury that if from the evidence you believe the defendant has a good character

you may look to such facts and circumstances whether testimony is sufficient to reasonably satisfy you that the defendant is the father of the child."

J. O. SENTELL and C. E. HAMILTON, for appellant, cited, on the question of sustaining a witness by proof of his good character.—*M. & G. R. R. Co. v. Williams*, 54 Ala. 168; *Moon v. Cowan*, 72 Ala. 79; *Buncombe v. George*, 65 Ala. 259; *Morgan v. State*, 68 Ala. 223; *Funderbery v. State*, 100 Ala. 36.

CHAS. G. BROWN, Attorney-General, for the State, cited, as to motions.—*Douglas v. State*, 117 Ala. 186; *Walker's Case*, 108 Ala. 56; *Hanna v. State*, 60 Ala. 100. As to charge given to State.—*Snow v. Solomon*, 91 Ala. 390. On degree of proof.—*Miller's Case*, 110 Ala. 69; *Hunter's Case*, 67 Ala. 62.

DOWDELL, J.—That a notary public with *ex officio* powers of a justice of the peace, has the same jurisdiction in bastardy proceedings under the statute as a justice of the peace, cannot now be questioned.—*Douglas v. State*, 117 Ala. 186, and authorities there cited. The affidavit in the present case was made before H. D. Brunson, a justice of the peace, who issued a warrant of arrest thereon, making the same returnable before one J. C. McLendon, a notary public and *ex officio* justice of the peace in said county of Crenshaw. This was irregular, but the irregularity could be waived by the defendant, and if not objected to at the hearing before the justice before whom it is made returnable, will be considered as waived. Both were officers of the same county, and with like jurisdiction as to the subject matter under investigation.

Motion was made in the circuit court by the defendant to quash the proceedings because of this irregularity. Upon the hearing of this motion in the circuit court it was insisted by the defendant, that he made the same motion in the justice court on the hearing before said McLendon, J. P., and had also filed a plea in abatement before said justice, McLendon, praying an abatement of the proceedings in that court. This insistence was de-

nied by the State and evidence was heard by the circuit court pro and con on this question. And the court after hearing such evidence overruled the motion. There was no record evidence of such motion and plea having been made in the justice court—that is, the transcript from the justice did not show it, nor was the original plea or motion, if either was ever put in writing and filed, offered to show it. The evidence offered before the circuit court on this motion was in palpable conflict, and we see no reason for disturbing the judgment of the court as to the conclusion reached upon the question raised by the motion.

Upon the examination of the prosecutrix as a witness she was asked by the defendant if she had not had sexual intercourse with certain named parties, and which she denied. These named parties were subsequently introduced as witnesses by the defendant, and they each testified that they had had at certain times named by each of them sexual intercourse with the prosecutrix. There upon the State was permitted against the objection of the defendant to introduce evidence of the good character of the prosecutrix for truth and veracity. In this the court was in error. Sustaining evidence as to the character of a witness for truth and veracity is only competent where impeaching evidence has been offered. The evidence offered by the defendant was not for the purpose of impeaching the prosecutrix as a witness, but was strictly defensive matter under the issue involved in the case. Witnesses may be impeached upon evidence of their general bad character, or by showing statements made by them contradictory of those testified to, and in the latter instance, a proper predicate as to time and place of such contradictory statements must be laid. The mere contradiction of one witness by another as to any fact testified to, does not authorize the introduction of sustaining evidence of good character for truth and veracity as to either of such witnesses. There was no predicate laid as required under the rule, nor was there any pretense that the testimony was offered for the purpose of impeachment.

The measure of proof in a bastardy proceeding does not require that the evidence shall satisfy the jury to a

moral certainty, or beyond a reasonable doubt, that the defendant is the father of the bastard child, before they can so find by their verdict, and consequently there was no error in giving written charge number 1 requested by the State.—*Miller's Case,* 110 Ala. 69; *Hunter's Case,* 67 Ala. 81.

Under the authority of *Snow v. Solomon,* 91 Ala. 390, written charge No. 2 requested by the State asserts a correct proposition of law, and the giving of this charge was free from error.

The written charge requested by the defendant is faulty both on account of being involved, and argumentative, and was properly refused.

For the error pointed out the judgment of the court below must be reversed and the cause remanded.