# Allred *v*. The State.

## *Bastardy.*

(Decided May 16, 1907.  44 So. Sep. 60.)

1. *Bastardy; Affidavit; Sufficiency.*—Under the provisions of Sec. 4381, Code 1896, an affidavit, in a proceedings of bastardy, which alleges that the prosecutrix was a single woman, and in a pregnant condition, that defendant was the cause of her pregnancy and that he impregnated her, is sufficient, and the equivalent of the averment that she was pregnant with a bastard child, and sufficiently alleges that the defendant was the father of the unborn child.

2. *Witnesses; Examination; Question Assuming Facts.*—It not appearing that there had been another trial than the one appealed from, it was proper to sustain an objection to a question assuming that there had been such a trial.

3. *Bastardy; Evidence; Admissibility.*—Letters written by prosecutrix to defendant, indicating a fondness for the defendant by the prosecutrix, were immaterial and properly excluded, it being denied that defendant had intercourse with her near the period of gestation, and the letters not being written at that period.

4. *Same.*—Evidence that another was consorting with prosecutrix at a time not within the period of gestation was immaterial and properly excluded.

5. *Same.*—Evidence as to acts of intercourse with other men outside of the period of gestation, although offered for the purpose of contradicting prosecutrix in the statement that she had never had intercourse with a named person, was immaterial and properly excluded.

6. *Same.*—It is competent to show that prosecutrix had intercourse with other men within the period of gestation, in defense of a charge of bastardy.

7. *Same; Defense.*—Unless intercourse within the period of gestation be shown between prosecutrix and the defendant in a bastardy proceedings there should not be a conviction.

8. *Same; Degree of Proof.*—If upon the whole evidence the defendant's guilt is doubtful or uncertain, or he cannot be reasonably said to be guilty, he should be acquitted of a charge of bastardy.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

From a conviction for bastardy, James Allred appeals. Reversed and remanded.

The defendant was indicted and tried for bastardy, convicted, and appeals. The affidavit and objections thereto, and the objections to testimony assigned as error, are sufficiently and fully stated in the opinion. The following charges were refused to the defendant: "(7) The court charges that, unless the defendant had intercourse with the prosecutrix within the period of gestation before the birth of the child, your verdict should be for the defendant. (8) The court charges you, gentlemen of the jury, that you should carefully consider the whole of the testimony, and if, upon the whole evidence, your minds are left in a state of doubt or uncertainty, so that you cannot reasonably say that the defendant is guilty, then you should acquit him."

THOS. T. HUEY, for appellant.—The affidavit was not sufficient to support the charge, or the judgment and the motion to quash, and in arrest of judgment should have been sustained.—*Walker v. The State,* 108 Ala. 56; *Collins v. The State,* 78 Ala. 433; *Williams v. The State,* 29 Ala. 216; *Counts v. Harlan,* 78 Ala. 551; *Noles v. The State,* 24 Ala. 672.

The court erred in its rulings on the admission and rejection of evidence.—*Nelson v. Iverson,* 24 Ala. 9; *Burton v. The State,* 115 Ala. 1; *Kelly v. The State,* 133 Ala. 195. Charge 1 should have been given.—*Miller v. The State,* 110 Ala. 69. On the same authority, charge 5 should have been given as should the 7th charge. The 9th charge was good and its refusal error.—*Churchwell v. The State,* 117 Ala. 124. The 10th charge was good and should have been given.—*Burton v. The State, supra.*

ALEXANDER M. GARBER, Attorney General, for the State.—The court did not err in its rulings on evidence. —*Williams v. The State,* 113 Ala. 58; *Walker v. The*

*State,* 91 Ala. 76; Sec. 4333, Code 1896; 2 Ency. P. & P. p. 562; note 2. Charge 1 was properly refused. It was misleading as to the burden of proof.—*Lusk v. The State,* 129 Ala. 1; *Bell v. The State,* 124 Ala. 94; *Miller v. The State,* 110 Ala. 69. Charge 3 was properly refused.—*Lusk v. The State, supra.* A doubt does not warrant a verdict for defendant.—*Roberts v. The State,* 122 Ala. 47. Charge 5 was bad.—*Brown v. The State,* 142 Ala. 287; *Prater v. The State,* 107 Ala. 28; *Lowe v. The State,* 88 Ala. 8. Charge 11 was bad.—*Shirley v. The State,* 144 Ala. 35.

HARALSON, J.—The defendant was tried for bastardy, before a justice of the peace, on an affidavit and warrant sworn out before him by the woman, Lettie Morrison, the prosecutrix, and on appeal to the city court of Bessemer, the case was there tried on the affidavit made before the justice, without the filing of a complaint by the solicitor.

The affidavit charged that James Allred, the defendant, within twelve months before the making of the affidavit, did in said county (of Jefferson), impregnate Lettie Morrison, a woman, alleged to be single, and that she was then in a pregnant condition, in said county, and that said James Allred, a man, was the cause of said pregnancy, etc.

The Code of 1896 (section 4381) provides, that "when any single woman, pregnant with, or delivered of a bastard child, makes complaint on oath to any justice of the county where she is so pregnant or delivered, accusing anyone of being the father of such child, such justice must issue a warrant against such person," etc.

The defendant demurred to the affidavit.

First, because the complaint does not allege that the prosecutrix is pregnant with a bastard child. The word

"bastard" means, "born out of lawful matrimony; illegitimate; lacking genuineness; suprious; adulterate."—Webster. The affidavit alleges that Lettie Morrison is a single woman, and is in a pregnant condition, and that defendant, a man, "is the cause of said pregnancy," and that he did impregnate her. This was equivalent to an averment that she was pregnant with a bastard child. The defendant was not mistaken or misled by allegations of the affidavit, in this respect.

The second ground of demurrer was, that the affidavit does not charge that defendant was the father of said bastard child. If the affidavit was, that prosecutrix was single, and defendant impregnated her, and was the cause of her pregnancy, the averment is clear that he was the father of said unborn child with which affiant was pregnant.

The third and fifth grounds are as wanting in merit as the second.

The fourth ground is without any merit, and in contradiction of the affidavit.

So, it appears the demurrer was properly overruled. For the same reasons, on the same grounds, the court did not err in overruling the motion to strike the affidavit and warrant, and to quash the same.

Dr. Waldrop testified, that the usual period of gestation is 280 days from the beginning of the last menstrual flow; that a child is born, usually, in 270 days from the time of inception; that it may go over or under that time; that it runs from 240 to 300 days, though the usual period is as stated; that young women, as a rule, go a shorter period before the birth of a child, than is usually the case, and that if the sexual intercourse by which a woman was impregnated occurred 25 days after the beginning of the menstrual flow, then the child would, ordinarily, be born 255 days from the time of such intercourse, etc.

[Allred v. The State.]

The witness, M. R. Morrison, was asked by defendant's counsel, "Was the defendant discharged at the first trial?" An objection to the evidence was properly sustained, if for no other reason, for the one, that it did not appear that there had been a former trial before the justice, other than the one appealed from, in which defendant was found guilty by the justice.

Lettie Morrison, the complainant, testified, that she had sexual intercourse with the defendant at a certain time (naming the place), which she said was on the night of November 25, 1905, and defendant denied that he had intercourse with her at that time, or at any time in November, or December of that year, or in January or February, 1906. He did not deny having had intercourse with her at some time. A lot of letters, made the basis of exceptions from 6 to 13 inclusive, from prosecutrix to defendant, which were dated April 3, June 22 and 23, March 23, and September 9, 1905, and others bearing no date, the character of which letters was friendly, though perhaps imprudent, and indicate a fondness of prosecutrix for defendant, but nothing of a criminal intent on her part towards him or any other person,—were on objection of the state excluded. Upon what theory they were sought to be introduced, is not apparent. Defendant specifically denied having had intercourse with prosecutrix near the period of gestation, and it was immaterial that he had had such intercourse at or about the time these letters were written, since they were not written during the period of gestation. They were, therefore, under the issue, immaterial.

The defendant asked Dink Fitzpatrick, "Were you going with her (the prosecutrix) in September, 1905?" This question called for wholly imamterial evidence. That time was not within the period of gestation, and simply going with her, without more, was not criminal.

9 R

The prosecutrix testified, that she had never had intercourse with Dink Fitzpatrick, or with any other man than the defendant. The defendant propounded to Dink Fitzpatrick certain questions; numbered from 16 to 21 inclusive (as set out on page 16 of the transcript),—all of which were intended to contradict the prosecutrix, in the statement made by her that she had never had sexual intercourse with him; and some of them, seeking to elicit the answer that he had had such connection with her within the period of gestation. The court, very properly, would not allow the questions to be answered.

The witness was afterwards allowed to state, that he had had intercourse with prosecutrix, at a certain place, in the months of November and December, 1905. It was permissible for the defendant to show that prosecutrix had sexual intercourse within the period of gestation, but not to show such acts committed by her at other times.

The questions propounded to Bessemer Nail were properly disallowed, the proof of sexual intercourse inquired about, not being within the period of gestation.

Regused charges 7 and 8, assert correct proposition, and should have been given.

The other charges refused were faulty, and were properly refused, for one good reason or another.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.