RIVERA, RESPONDENT, *v.* DÍAZ, APPELLANT.

APPEAL from the District Court of Guayama.

No. 869.—Decided May 23, 1913.

PROCEDURE — NONSUIT — ABANDONMENT — APPEAL. — Motions for nonsuit are addressed to the consideration of the court and when a defendant wishes to demur to the plaintiff's evidence he should stand on this point and not introduce his evidence, for this will be understood as an abandonment of said motion and the same will not be reviewable on appeal if the defendant's evidence supplies the defects which the plaintiff's evidence may have contained.

ID.—EVIDENCE—RULINGS.—All questions concerning the admissibility of evidence should be ruled on during the trial and before judgment is rendered, but

this is not of great importance when the case is tried without a jury, because, if the evidence is really impertinent, the court is in a position to remove the impressions caused thereby.

NATURAL CHILDREN — ACTION OF ACKNOWLEDGMENT — EVIDENCE — STRIKING OUT EVIDENCE—FUNDAMENTAL ERROR.—In actions for acknowledgment of natural children testimony that the plaintiff had carnal intercourse with other men during the period when the child could have been begotten is pertinent if offered to show sexual connections with such men during said period and the striking out of said testimony by the court is a fundamental error.

The facts are stated in the opinion.

*Mr. C. Domínguez y Rubio,* attorney and guardian *ad litem* of the minor plaintiff, Josefa Rivera, in representation of her minor child, Ramón Rivera.

*Messrs. López de Tord* and *Canales* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an action of filiation brought by Josefa Rivera as mother of the minor, Ramón Rivera, in the District Court of Guayama praying that said Ramón Rivera be declared to be the acknowledged natural child of Josefa Rivera by Ramón Pastor Díaz Molinaris, with the right to bear the latter's name and such other rights as said decree may lawfully confer, as well as that the defendant be adjudged to pay the costs including attorney's fees. The complaint having been answered and the trial held, the district court rendered judgment on January 12, 1912, in favor of the plaintiff, decreeing that the minor, Ramón Rivera, is the acknowledged natural child of the plaintiff by the defendant, Pastor Díaz Molinaris; that the latter is the child's father, and that the child is entitled to bear his father's name, to inherit from him, and to all other rights secured by the Civil Code now in force. The court ordered that the final judgment should be recorded in the civil registry of Salinas and that the defendant should pay the costs, expenses, disbursements, and attorney's fees incurred in the action. From this judgment the defendant took the present appeal.

The appellant asks for the reversal of the judgment on

the ground of five errors alleged to have been committed by the trial court, to wit:

*First.* In overruling the motion for nonsuit made by defendant at the conclusion of the plaintiff's evidence on the ground of the insufficiency of said evidence.

*Second.* In deciding after the trial in the body of the judgment itself questions of evidence relative to the striking out of certain testimony.

*Third.* In declaring in the opinion delivered in deciding the case after the trial that all evidence in regard to acts of sexual intercourse committed by the plaintiff with individuals other than the defendant on the probable date of conception was inadmissible.

*Fourth.* In permitting the plaintiff against the repeated objections of the defendant to introduce evidence tending to contradict the statements made by her in a public instrument executed before a notary and offered and admitted as evidence for the defendant.

*Fifth.* In holding the fact to have been proven that the minor, Ramón Rivera, is the acknowledged natural child of the plaintiff by the defendant, Ramón Pastor Díaz Molinaris.

It is substantially alleged in the complaint that about the year 1906 the defendant, Pastor Díaz, took the plaintiff, Josefa Rivera, to live with him in a house belonging to him, where she lived and cohabited with him as if she were his wife; that while they lived in concubinage Josefa Rivera conceived and on November 26, 1908, gave birth to a child which was named Ramón and is her child by Ramón Pastor Díaz Molinaris who openly acted as the child's father and supported it and the mother; that at the time of the conception and birth of the child there was no legal impediment to the lawful marriage of the parents, and that shortly after the birth of said child the defendant abandoned the plaintiff.

With regard to the first assignment of error, it is a fact that when the plaintiff had rested her case the defendant

moved for a nonsuit on the ground of the insufficiency of the evidence to support the plaintiff's allegations. The motion was overruled and thereupon defendant excepted and introduced evidence in defense.

Motions for nonsuit are addressed to the consideration of the court (*Delucca et al.* v. *Delucca et al.,* 15 P. R. R., 353) and when a defendant wishes to demur to the plaintiff's evidence he should stand on this point and not introduce his evidence, for this will be understood as an abandonment of said motion and the same will not be reviewable on appeal if the defendant's evidence supplies the defects which the plaintiff's evidence may have contained. 38 Cyc., 1560, 1562; *Elmore* v. *Elmore,* 114 Cal., 521; *Lowe* v. *San Francisco, etc., Ry. Co.,* 154 Cal., 576.

Therefore, to consider this first assignment of error on appeal it will be necessary to examine the evidence introduced by the defendant in order to ascertain whether it supplied the defects in the plaintiff's evidence, and as this is equal to a review of all the evidence, without which we cannot examine the first ground of appeal, we will do this if we arrive at the fifth error assigned and have to review all the evidence in order to decide whether it supports the judgment in favor of the plaintiff.

In regard to the second error alleged, it appears that after the witnesses for the defense, Juan Ortiz and Juan Santiago, had testified and the defendant had closed his case the plaintiff stated that the same objection he had made to the evidence of Juan Ortiz he repeated as to that of Juan Santiago, viz., that the same was not pertinent to the issue, which motion the court overruled for the time being and afterwards sustained in its opinion delivered as grounds for the judgment, striking out the testimony of these two witnesses.

All rulings on questions of evidence must be made during the trial (1 Wigmore, 62, sec. 19) and in the case of *Asbury* v. *Hicklin,* 181 Mo., 658, (81 S. W. Rep., 390) decided in 1904,

the court said: "It is bad practice to reserve rulings upon objections until the judgment." In the case of *Carpentier* v. *Small*, 35 Cal., 346, the court said: "If the court makes a ruling during the progress of a trial, the party in whose favor the ruling was made is entitled to have the case decided according to the ruling."

There can be no doubt that all questions concerning the admissibility of evidence should be decided during the trial and before judgment is rendered, but this is not of great importance when the case is tried without a jury because if the evidence is really impertinent, the court is in a position to remove the impressions caused thereby. For this reason this error did not injure the plaintiff substantially.

The third error assigned is that the court after the trial and in its opinion rendered in deciding the case held that testimony tending to prove acts of sexual intercourse practised by the plaintiff with individuals other than the defendant on the probable date of conception was inadmissible.

In the opinion on which the trial judge bases his judgment against the defendant it was decided to strike out the testimony of defendant's witnesses, Juan Ortiz and Juan Santiago, on the ground that the question to be decided in the present action of filiation is whether the minor Ramón is the child of the defendant and the question should not be permitted to extend beyond the allegations by admitting evidence tending to show whether the father of the child might have been another person, which question did not figure in the pleadings.

As a matter of fact, that testimony should not have been eliminated inasmuch as in actions for acknowledgment of filiation evidence that the plaintiff had carnal intercourse with other men during the time when the child could have been begotten is pertinent if offered to show sexual connections with such men during such period. 5 Cyc., 660. This principle is sustained in Wigmore, volume 1, p. 195, sec. 133, and in innumerable cases decided by the courts, among which are

*Bell* v. *State,* 124 Ala., 94; *Allfed* v. *State,* (Ala.), 44 So. Rep., 60; *Short* v. *State,* 4 Harr. (Del.), 568; *Smith* v. *Yaryan,* 69 Ind., 445; 35 Am. Rep., 232.

In striking out this testimony the trial judge committed a fundamental error which may have influenced him in weighing the evidence, seeing that he considered the same under the erroneous impression that said testimony was inadmissible and could not be taken into account in deciding the case.

As by reason of this error on the part of the trial court we are compelled to grant a new trial, in which perhaps other evidence may be introduced, we do not consider it necessary to decide now whether or not the evidence introduced at the other trial is as strong and convincing as is required in this class of actions in accordance with our decision in the case of *Negueruela* v. *Somohano,* 16 P. R. R., 658, in which we accepted the same doctrine laid down in the judgments of the Supreme Court of Spain.

The judgment appealed from must be reversed and a new trial granted.

*Reversed and remanded for a new trial.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary did not take part in the decision of this case.

A motion for reconsideration was overruled on June 25, 1913.