RICO, PLAINTIFF AND APPELLANT, v. LÓPEZ, DEFENDANT AND
RESPONDENT.

APPEAL from the District Court of Mayagüez in an Action for
Acknowledgment as Natural Child.

No. 1147.—Decided July 24, 1914.

EVIDENCE—ERROR.—The admission of evidence tending to show that a witness
   had an old and vexatious claim against the defendant which the latter had
   refused to acknowledge and offered in order that the court might take such
   fact into consideration in weighing the testimony of the witness against
   the interests of the defendant, does not constitute a fundamental error al-
   though such evidence was not actually introduced at the proper time.
ID.—ERROR.—The court does not commit a fundamental error in an action of
   this kind by admitting in evidence certificates of the civil registry showing
   that the plaintiff's mother had other children while single and a deed of
   gift in which the defendant's predecessor in interest solemnly declared that
   he had no legitimate, acknowledged or natural children, especially when, as
   in the case at bar, these facts are alleged in the answer as matters of defence.
ID.—ERROR—ADJOURNMENT.—The adjournment of the case from one day to
   another, especially after a long session, judging from the number of wit-
   nesses and the length of their testimony, is not error.
ID.—CONTRADICTORY EVIDENCE—FINDING OF TRIAL COURT.—When the evidence is
   contradictory and the trial court finds in favor of one of the parties, this
   court will accept such finding as just and proper unless it is shown that the
   trial court was influenced by passion, prejudice or partiality, or committed
   a manifest error.
ID.—Evidence tending to show that the plaintiff's mother had carnal intercourse
   with other men during the period in which the plaintiff could have been
   begotten, is admissible in cases of this kind.

The facts are stated in the opinion.

*Messrs. Angel A. Vázquez* and *Jacinto Texidor* for the
appellant.

*Mr. José de Diego* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment rendered by the Dis-
trict Court of Mayagüez on March 13, 1914, dismissing a cer-
tain action for acknowledgment as natural child.

In synopsis the complaint alleges: (1) That the plaintiff
is the tutor of the minor Gregoria Noema Rico and is ex-
pressly authorized by the court to bring this action; (2) that

Dr. Eurípides López died in Mayagüez on January 13, 1914, being a widower and leaving no ascendants or legitimate descendants; (3) that the defendant is the only brother of the deceased physician.; (4) that Dr. López lived in San Germán in concubinage and maintained illicit marital relations with Antonia Rico by whom he had a daughter born on December 24, 1898, whose birth was recorded in the Civil Registry of San Germán as the natural daughter of Antonia Rico, under the name of Gregoria Noema, and that during their relations Dr. López and Antonia Rico were single and could have married without any dispensation; (5) that subsequent to December 24, 1898, Dr. López contracted matrimony, but had no issue therefrom; (6) that Dr. López publicly and privately acknowledged Gregoria Noema as his child, calling her "daughter" and providing for her education and support, and (7) that from her birth Gregoria Noema was in continuous possession of the status of natural child of Dr. Eurípides López. The complaint concludes with the prayer that judgment be rendered adjudging that Gregoria Noema is the acknowledged natural child of Dr. Eurípides López with the right to her father's name and all other rights granted her by law.

The defendant answered the complaint alleging the following: (1) He admits allegations 1, 2 and 3 of the complaint to be true, the last subject to certain explanations; (2) he denies allegation 4 as not true that Dr. López lived in concubinage with Antonia Rico, that he maintained marital relations with her or that he had any daughter by her, but he admits that part thereof which states that in 1898 Dr. López and the woman Rico were single and were not related to each other; (3) he admits the fifth allegation; (4) he denies the sixth; and (5) he denies the seventh. And as new matter of defence in answer to the complaint, he alleges: (a) That Dr. López always lived in San Germán up to within two years of his death but that no woman lived with him except during the short time which his lawful wife, Florencia Fradera, lived;

(*b*) that Dr. López was of a mild and charitable disposition, had a lucrative profession and assisted many poor families with whom he was not connected by any ties of relationship; (*c*) that before and during the year 1898 Antonia Rico had carnal intercourse with several persons although single and bore several children who still bear only the maternal surname, and that from the beginning to the end of the year 1898 she had such carnal connection particularly with Horacio Nieto, to whose house she went publicly day and night; (*d*) that Dr. López did not educate or have living with him any child in San Germán and certainly not Gregoria Noema Rico; (*e*) that in a solemn manner in a deed of gift Dr. López stated that he had no legitimate, acknowledged or natural children; (*f*) that Gregoria Noema Rico had been educated and supported since her birth by her uncle, Juan Rico; (*g*) that Dr. López publicly stated that he was endeavoring to retire from the practice of his profession and go on a pleasure trip to Europe, because as he had no children he could spend his money without injuring anybody; (*h*) that Dr. López said nothing to the defendant regarding Gregoria Noema Rico, and (*i*) that neither Gregoria Noema Rico nor her uncle Juan ever took any steps to have Dr. López acknowledge the former as his natural daughter. The answer concludes with the prayer that judgment be rendered dismissing the complaint with costs against the plaintiff.

At the trial both parties introduced and examined a large amount of oral and documentary evidence, after which the court rendered the judgment referred to and the plaintiff took the present appeal therefrom.

In his brief the appellant contends that the court erred: (1) In admitting improper evidence; (2) in abusing its discretional power; (3) in finding, contrary to the weight of the evidence, that the plaintiff had failed to prove allegations 4, 5 and 6 of the complaint by a preponderance of the evidence, and (4) in dismissing the complaint on the ground that there

was evidence tending to show the existence of another possible father of Gregoria Noema.

1. A properly prepared and certified bill of exceptions is included in the transcript of the record. There are set out therein eight exceptions which were noted during the trial. Three were noted during the testimony of plaintiff's witness Juan Alvarez Almodóvar, one to the testimony of plaintiff's witness Dolores Comas, one to the admission of various documents offered by the defendant, two during the testimony of defendant's witnesses Colberg and Sabater, and one to the ruling of the court adjourning the trial at the instance of the defendant. We will consider this last exception in deciding the second ground of error alleged by the appellant.

The plaintiff introduced witness Alvarez Almodóvar to prove that Dr. López had acknowledged to him in different ways and on various occasions that he was the father of the child Gregoria Noema. In cross-examining the witness, the defendant asked him whether he had any business pending with the defendant. The plaintiff objected but the court allowed the witness to answer. The defendant thereupon introduced in evidence two letters written by the witness to the defendant in which the witness asked the defendant to settle a certain old claim of the Succession of Stefany against the defendant. The witness is married to a daughter of Stefany. The letters referred to the institution of heirs of Dr. López and in one of them it is stated that if the matter is not settled, "we will bring a civil action or another action." In the other letter the defendant is requested "to show a generous spirit and make a friendly settlement with us in order to put an end to so much bitterness and hard feelings which caused the past occurrences." The plaintiff objected to the admission of these letters and they were admitted over his objection. Finally the witness testified on behalf of the defendant and acknowledged a letter which he had received from defendant's attorney referring to the claim of the Succession of Stefany, in which letter he is informed in substance that the defendant

had nothing to settle because he owed nothing. Having been identified, the letter was offered in evidence and admitted over the objection of the plaintiff.

In the three cases mentioned the plaintiff's objection was based chiefly on the ground that the evidence was impertinent because it was irrelevant to the matter in controversy. However, the evidence clearly tends to present the witness before the court as a person having an old and vexatious claim against the defendant which the latter refused to acknowledge so that the court may consider such fact in weighing the probatory value of the witness' testimony derogatory to the defendant's interests in this action. Perhaps the moment selected to introduce the first two letters was not opportune, but after a complete analysis of the facts we cannot see that the district court committed any fundamental error which could serve as a ground for the reversal of the judgment.

The exception taken to the testimony of witness Dolores Comas is unfounded. On cross-examination by the defendant the witness answered that she had asked Dr. López for a recommendation upon the guaranty of three friends of his and the doctor recommended her to Forés ''in order that he might push the matter.'' This is all that appears from the record. We do not see what bearing that answer could have upon the decision of this suit, at least in the form in which it appears in the record.

The exception to the admission of certain documents offered by the defendant occurred as follows: We have seen already that the defendant alleged in his answer that the mother of Gregoria Noema had had several children while single and that Dr. López had declared solemnly in a deed of gift that he had no legitimate, acknowledged or natural children. At the trial the defendant offered in evidence certificates from the civil registry of the births of the brothers and sisters of Gregoria Noema and a copy of the deed of gift, and in our opinion the court did not commit the error attributed it in admitting the said documents in evidence. The

documents tended to prove facts set up in the answer; it does not appear that the plaintiff moved to strike them out, and an explanation of them would enable the court to form a more accurate idea of the case pending before it.

Nor did the court commit a fundamental error in admitting in evidence a letter and a check of Dr. López identified by witness Colberg or in allowing witness Sabater to testify and introduce a copy of a letter from Dr. López, the genuineness of which was acknowledged by the plaintiff. The first letter and check tended to show that Dr. López furnished money to persons who were not related to him and the testimony of Sabater explained certain statements made by one of the defendant's witnesses relative to another action for the acknowledgment of a certain young woman who claimed to be the natural daughter of Dr. López.

Therefore, while the facts brought out are not essential, still it must be acknowledged that they served to throw greater light on the circumstances of the case and in that sense were pertinent in an action of this kind. Besides, even though the conclusion might be reached that the letter of Dr. López which was introduced by witness Sabater was entirely foreign to the present suit and therefore impertinent, the error committed in admitting the same in evidence is insufficient to justify the reversal of the judgment, as it is not fundamental.

2. The second error assigned is that the court abused its discretion in admitting the evidence to which we have referred and in adjourning the trial.

From what we have stated before, it can be deduced that the court did not abuse its discretion in admitting the evidence, as maintained by the appellant, and as to adjourning the trial, the exception seems to us to be altogether untenable. The trial began on a certain day and after a session which was necessarily long, judging from the number of witnesses who testified and the length of their testimony, the defendant moved for an adjournment to the following day, which the

court granted. The only objection of the defendant was that his witnesses were too poor to pass the night in Mayagüez.

3. We have examined carefully the evidence introduced by both parties and in our opinion there is a real conflict on essential points.

Gregoria Noema, her uncle, Juan Rico, and other relatives; her godfather, Juan Alvarez Almodóvar; several servants formerly in the service of Dr. López; Mrs. Comas and her husband, friends of Dr. López, and other persons, testified to acts performed by the doctor, which, if true, would show that he had maintained illicit relations with Antonia Rico as a result of which the child, Gregoria Noema, was born, and that he had supported and acknowledged her as his own daughter.

On the other hand, Dr. López, a man whom all the witnesses, both those for the plaintiff and those for the defendant, hold up as a model of probity, declared in a solemn document and on various occasions to different persons that he had no children, and the testimony of three witnesses, one of whom particularly gave full details, tends to show that Antonia Rico maintained illicit relations with Horacio Nieto, formerly a scrivener of San Germán and afterwards judge of Arecibo, and that the child Gregoria Noema was born as a result of such relations.

The trial court decided the conflict in favor of the defendant and as it has not been shown that it was influenced by passion, prejudice or partiality or committed manifest error, we must accept its decision as just and proper.

We believe it opportune to transcribe below an extract from the opinion of this court delivered by Mr. Justice Mac-Leary in the case of *Quevedo* v. *Estate of Pino*, 15 P. R. R., 669:

"The plain principle that a trial judge has better opportunities than an appellate court to determine the credibility of testimony is given the following perspicuous and picturesque language by a distinguished jurist of the State of Missouri. He substantially says: 'Truth does not always stalk boldly forth naked, but modest withal,

in a printed abstract presented to a court of last resort. She often hides in nooks and crannies, visible only to the mind's eye of the judge who tries the case. To him appears the furtive glance, the blush of conscious shame, the hesitation, the sincere or the flippant or the sneering tone, the heat, the calmness, the yawn, the sigh, the candor or the cunning, the scant respect for or the full realization of the solemnity of the oath, the carriage and the mien of the occupant of the witness box. The brazen face of the falsifier, the glibness of the schooled witness in reciting his lesson, or the itching over-eagerness of the swift witness, as well as the honest countenance of the truthful one, are truly seen by him alone. In short, one witness may give testimony that reads in print, and the record of the appellate court, as if falling from the lips of an angel of light, and yet not a soul who heard it *nisi* believed a word of it; and another witness may testify so that it reads in print brokenly and obscurely, and yet there was that about the witness in the trial court that carried the conviction of truth to every heart that heard him testify. Therefore, where an issue of fact rests alone on the credibility of witnesses who testify in contradiction to each other, the upper court may, with entire propriety, rely somewhat on the superior advantage of the lower court in determining which way the balance turns in weighing the evidence.' "

4. The last error assigned by the appellant in his brief has been decided against him impliedly in our consideration and decision of the third assignment.

In the case of *Rivera* v. *Díaz*, 19 P. R. R., 524, this court, by Mr. Justice Aldrey, expressed itself as follows:

"In the opinion on which the trial judge bases his judgment against the defendant it was decided to strike out the testimony of defendant's witnesses, Juan Ortiz and Juan Santiago, on the ground that the question to be decided in the present action of filiation is whether the minor Ramón is the child of the defendant and the question should not be permitted to extend beyond the allegations by admitting evidence tending to show whether the father of the child might have been another person, which question did not figure in the pleadings.

"As a matter of fact, that testimony should not have been eliminated inasmuch as in actions for acknowledgment of filiation evidence that the plaintiff had carnal intercourse with other men during the ·

time when the child could have been begotten is pertinent if offered to show sexual connection with such men during such period. 5 *Cyc.*, 660. This principle is sustained in Wigmore, vol. 1, p. 195, sec. 133, and in innumerable cases decided by the courts, among which are *Bell* v. *State*, 124 Ala., 94; *Allfed* v. *State* (Ala.), 44 So. Rep., 60; *Short* v. *State*, 4 Harr. (Del.), 568; *Smith* v. *Yaryan*, 69 Ind., 445; 35 Am. Rep., 232."

The foregoing doctrine applies with greater force to the case at bar inasmuch as the defendant alleged expressly as new matter of defence in his answer that the person who claimed filiation was not the child of the person named in the complaint, but of another whose name was given.

In view of the foregoing, the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.